State v. McCracken, 22 N. M. 588.

[No. 1958.   June 28, 1917.]
## STATE v. McCRACKEN.

### SYLLABUS BY THE COURT.

1.   The granting of a motion for continuance is within the exercise of the sound discretion of the trial court, and such discretion will not be reviewed, in the absence of a gross abuse thereof.                                                    P. 589

2.   As a general rule, in order to reserve an available objection to the exclusion of evidence, a proper question must be asked, and, on objection thereto, an offer must be made at the time, showing what evidence will be given if the witness is permitted to answer, the purpose and object of the testimony sought to be introduced, and all the facts necessary to establish its admissibility.                                    P. 590

3.   One cannot defend his property, other than his habitation, to the extent of killing the aggressor, for the mere purpose of preventing a trespass.   Held, where a homicide grew out of a dispute between two parties as to the right to the possession of a strip of land, the rightful claimant thereto had not the right to slay the other party, in order that he might enter thereon and construct a fence, and an instruction tendered to the court to the effect that appellant had the right to enter thereon and construct a fence was properly modified by the court, by adding the words, "if he could do so peaceably and without force."                          P. 592

Appeal from District Court, Valencia County; Mechem, Judge.

Sidney J. McCracken was convicted of murder in the second degree, and he appeals.   Affirmed.

Hiram M. Dow, of Roswell, for appellant.

When application for continuance complies with statute court has no discretion in the matter.

Terr v. Torres, 16 N. M. 615.

Court erred in not giving requested instruction as to the appellant's right to defend his property, without modification.

Stillwell v. Duncan, 44 S. W. (Ky.) 357; Ross v. State. (Tex.) 10 App. 455; Fouch v. State, 45 L. R. A. 687; Sims v. State, 36 S. W. 256; Payne v. State, 8 Cal. 341; Hans v. State, 9 Ann. Cas. 1131; Hoy v. State, 69 Neb. 517.

Harry S. Bowman, Assistant Attorney General for the State.

The motion for continuance did not comply with the statute.

Faulkner v. Terr. 6 N. M. 464; Terr. v. Anderson. 4 N. M. 213; State v. Barker, 43 Ks. 262, 23 Pac. 575.

A tender of evidence to which the witness would have testified was essential.

3 C. J. p. 827; 2 Elliott on Ev. 164; Palatine Ins. Co. v. Santa Fe Merc. Co., 13 N. M. 241; State v. Barker, 23 Pac. (Ks.) 575.

Evidence was sufficient to sustain the verdict.

State v. Orfanikis, 159 Pac. 674.

## OPINION OF THE COURT.

ROBERTS', J. The grand jury of Socorro county returned an indictment against appellant, charging him with the crime of murder. The venue, of the case was changed to Valencia county, and a trial resulted in a verdict of guilty of murder in the second degree, upon which judgment was rendered, from which this appeal is prosecuted.

[1], Appellant assigns as his first ground of error the overruling by the trial court of his motion for continuance. Continuance was asked on the ground of the absence of three material witnesses, Sullivan, White, and Tafoya; Sullivan and Tafoya both being alleged to have been eyewitnesses to the difficulty which led to the death of the deceased. It appears from the affidavits filed and the record in the case that the testimony which it is claimed the absent eyewitnesses would testify to would have been only cumulative and under all the authorities the denial of the motion

for continuance under such circumstances would not be considered, as prejudicial error. Aside from this fact, an examination of the motion and the affidavit supporting the same discloses that they are insufficient, in that there is no statement therein contained that any subpoena was issued for any of the witnesses named, all of whom lived in this state and therefore there was no showing of diligence on the part of the appellant, such as the law requires. It has been repeatedly held by this court that the granting of a motion for a continuance is within the exercise of the sound discretion of the trial court, and that such discretion will not be reviewed, in the absence of a gross abuse thereof. State v. Pruett, 22 N. M. 223, 160 Pac. 362, and authorities cited.

[2] It is next urged that the court erred in sustaining the objection of the district attorney to the question of counsel for appellant relative to the conversation had between the defendant and the deceased concerning the fence between the land of the defendant and the homestead of the deceased, over which' the difficulty arose. As there is nothing in the record to show what the answer of the witness would have been, and what testimony he would have given, we are unable to say whether or not the sustaining of the objection to the question was error. In order for the appellant to raise the question as to the propriety of the ruling of the court upon the sustaining of the objection to the question, it was necessary for him to make a tender of the testimony which he expected to elicit by the interrogatory. Had counsel made a tender of the testimony which would have been covered by the answer to the question, and it had appeared therefrom that the defendant and the deceased had had a prior difficulty in regard to the line between the lands claimed by each, then it is possible that the testimony should have been admitted. Counsel failing, however, to make a tender, leaves the court without any information concerning the relevancy of the answer, and under these circumstances it will be assumed that the ruling of the trial court was correct. The necessity for the tender of testimony where an objection to a

question is sustained is stated in 3 C. J. p. 825, § 736, as follows:

"As a general rule, in order to reserve an available objection to the exclusion of evidence, a proper question must be asked, and, on objection thereto, an offer must be made at the time showing what evidence will be given if the witness is permitted to answer, the purpose and object of the testimony sought to be introduced, and all the facts necessary to establish its admissibility."

In 2 Elliott on Evidence, p. 164, §886, we find the rule stated as follows:

"If a question is objected to, or a witness challenged as incompetent, a statement of the evidence expected to be elicited may be offered, if the court, in its discretion, sees fit to permit it, notwithstanding the presence of the jury. But documentary evidence, if objected to, ought to be presented to the judge for his ruling before it is read in the presence of the jury and it is customary and proper for the trial court to require all offers of evidence, after objection, to be made out of the hearing of the jury. The offer should specifically state the facts which counsel expects to show in answer to the question propounded to the witness. This is proper, in order to enable the trial court to determine whether the testimony is competent, and is necessary, where the objection is sustained, to present any question on appeal."

The Supreme Court of the territory, in passing upon a similar question in the case of Palatine Insurance Co. v. Santa 'Fe Mercantile Co., 13 N. M. 241, 82 Pac. 363, in an opinion by Mr. Justice Parker, followed the rule as laid down in Elliott on Evidence, supra. That the rule is the same in criminal as in civil cases, see State v. Barker, 43 Kan. 262, 23 Pac. 575.

In view of the failure to state to the court what testimony would be adduced by the question, and the failure to tender the testimony to the court, we are unable to determine whether or not the answer to the question propounded would have been material, and in view of the further fact that the rulings of the court are presumed to be correct, unless shown to be otherwise, we are required to hold that there was no error in the sustaining of the objec-

tion to the question, and therefore that the 'appellant's second assignment of error is without merit.

[**3**] Appellant's third ground of error is based upon the refusal of the court to give instruction numbered 1 as tendered and the giving of such instruction as modified. The tendered instruction read as follows:

"The court instructs the jury that under the facts of this case the defendant has a right to the land designated on the plat, State's Exhibit No. 1, as state lands, and that he had a right to go upon said land, either in person or by his employes, and construct a fence thereon, and that if, while engaged in so doing, the deceased undertook to drive him away with a gun or other arms, and assaulted him while so engaged in said work, the defendant had a perfect right to resist such assault, and to defend himself and his property by the use of such force as was necessary; and if the defendant did no more than to defend himself and said property against the attacks and assaults of the deceased, he would be guilty of no offense under the law, even though the encounter resulted in the death of the deceased."

Apparently the instruction was modified by the court by the insertion of the words "if he could do so peaceably and without force" after the words "construct a fence thereon." Appellant contends that the court's charge was that defendant had a right to the land upon which the defendant was constructing a fence, and therefore it was incorrect statement of the law for the court to say that the defendant, in person or by his employes, had the right to go upon said land and construct the fence, if he could do so "peaceably and without force," as it implies that he could not do so otherwise; it apparently being appellant's contention that he had the right to use such force as was necessary to enable him to enter upon the land and construct his fence, even to the extent of taking the life of any person resisting his entry. Under the facts in this case, the instruction given, in this regard, is not subject to criticism. While the evidence conclusively establishes the fact that appellant was entitled to the possession of the land by virtue of a lease or agreement of purchase from the state, still it appears that deceased, Tafoya, had theretofore been farming or cultivating the land in question, and was apparently

claiming ownership or the right to the possession of the land. Appellant, on the morning of the homicide, sent his son and another man to the scene of the difficulty for the purpose of digging post holes. Tafoya saw them, and went to where they were, and ordered them to desist. They continued digging the holes, which Tafoya filled immediately with earth. Thereupon the son returned to his father's house and advised him as to the actions of Tafoya, whereupon appellant armed himself with a rifle and repaired to the place where the killing occurred. We do not believe that the law, under such circumstances, would have justified the appellant in using force to the extent of taking human life in order that he might assert his dominion over the property in question. In Wharton on Homicide (3d Ed.) § 526, it is said:

"While the law justifies the taking of life when necessary to prevent the commission of a felony, one cannot defend his property, other than his habitation, to the extent of killing the aggressor for the mere purpose of preventing a trespass. Rather than slay the aggressor to prevent a mere trespass, he should yield and appeal to the courts for redress."

See, also, to the same effect, Michie on Homicide, §124.

Appellant knowing that Tafoya claimed the right to the possession of the land upon which he desired to erect the fence, if he could not obtain peaceable possession thereof, the courts afforded him ample remedy. He could not take the law into his own hands, and with force of arms maintain his right to the possession of the property. In the case of Carpenter v. State, 62 Ark. 286, 36 S. W. 900, in discussing the question, it is said:

"But the right to defend property against one who manifastly intends or endeavors, by violence or surprise, to commit a known felony, to the extent of slaying the aggressor, does not include the right to defend it to the same extent, where there is no intention to commit a felony. A man may use force to defend his real or personal property in his actual possession against one who endeavors to dispossess him without right, taking care that the force used does not exceed what reasonably appears to be necessary for the purpose of defense and prevention. But, in the absence of an attempt to commit a felony, he cannot defend his property,

except his habitation, to the extent of killing the aggressor for the purpose of preventing a trespass; and, if he should do so, he would be guilty of a felonious homicide. Life is too valuable to be sacrificed solely for the protection of property. Rather than slay the aggressor to prevent a mere trespass, when no felony is attempted, he should yield, and appeal to the courts for redress. Ordinarily the killing allowed in the defense of property is solely for the prevention of a felony."

The court in its instructions correctly stated the law of self-defense applicable to the facts in the case, and committed no error in modifying the instructions in question in the regard stated.

It is lastly insisted that the evidence fails to support the verdict. There was ample evidence, introduced by the state, which, if believed by the jury, warranted the verdict.

For the reasons stated, the judgment will be affirmed; and it is so ordered.

HANNA, C. J., and PARKER, J., concur.