[No. 2224.   Nov. 12, 1918.]

# STATE v. GOODRICH.

### SYLLABUS BY THE COURT.

1. Where there is substantial evidence to support the verdict of the jury, the same will not be disturbed on appeal.
P. 662.

2. Where title to or right of possession of real estate is only collaterally involved, the best evidence rule does not apply, and the same may be shown by parol evidence.   P. 662.

3. In the absence of an offer of proof, as the rule is laid down in State v. McCracken, 22 N. M. 588, 166 Pac. 1174, the action of the court in excluding the evidence cannot be attacked on appeal.   P. 663.

4. Requested instruction is properly refused where court's instructions cover the law.   P. 664.

5. A requested instruction is properly refused, where there is no evidence to support the same.   P. 664.

6. A requested instruction on the abstract proposition that the defendant is presumed to be a man of good moral character, etc., is properly refused, where the same is unsupported by affirmative proof.   P. 665.

State v. Goodrich, 24 N. M. 660.

7. The use of the words, "it is for you to determine from all the evidence whether such defense is made in good faith or is a mere pretense," in an instruction on self-defense, does not constitute a comment on the weight of the evidence, nor is the same improper as unduly directing attention to a contention of the state.                                                    P. 665.

Appeal from District Court, Quay County; Leib, Judge.

Thomas A. Goodrich was convicted of crime of assault with a deadly weapon, and from the sentence he appeals. Affirmed.

H. H. McElroy, of Tucumcari, for appellant.

C. A. Hatch, Asst. Atty. Gen., for the State.

OPINION OF THE COURT.

PARKER, J.   The appellant, Thomas A. Goodrich, was convicted of the crime of assault with a deadly weapon, in the district court for Quay county, and, from the sentence imposed upon him by the court, has perfected this appeal.

The difficulty, which was the subject of this case, arose between the appellant and Stephen R. Calender principally on account of the difference of opinion existing between these men with regard to the right of possession and use of certain lands in Quay county.  The witness Calender claimed the right of possession thereof, which was not recognized by the appellant.  The appellant was requested to refrain from grazing his stock upon those lands, but apparently refused.  On December 17, 1916, appellant and G. W. Payne were riding across said lands and were accosted by Calender, who likewise was mounted upon a horse.  The witness Calender testified that, when he came near to appellant, the latter demanded that he halt and, before the witness could obey that command, the appellant fired a shot at the witness; the same taking effect in the right shoulder of the witness.  The witness then immediately returned towards

the place from whence he came, and the difficulty ended. The appellant's version of the transaction tended to make out a case of self-defense, he and his witnesses testifying that Calender came riding down upon him cursing and swearing and pointing a revolver in his general direction, whereupon appellant fired said shot for the purpose of protecting himself. The state proved that previous minor difficulties had arisen between Calender and the appellant. Evidence introduced on the part of appellant tended to show that Calender had theretofore threatened the life of the appellant.

[1] There is no merit in appellant's first contention, viz. that the verdict cannot stand because it cannot be justified upon any hypothesis. The argument is that the verdict is the result of a compromise of the jury; that appellant was guilty of assault with intent to kill, under the evidence in this case, or was not guilty of any offense, upon the theory that the shot in question was fired in self-defense. We cannot agree with that contention. There is amply substantial evidence to support the verdict of guilty of assault with a deadly weapon, and consequently the verdict will not be disturbed on appeal. The effect of such a verdict is that the jury believed that the appellant committed an assault upon the witness Calender, with a deadly weapon, but without intent to take his life, and the evidence palpably justifies that conclusion. As this is conclusive of this contention, we shall not discuss appellee's contention that appellant has waived his right to maintain this proposition, in view of the fact that the court, without objection on the part of appellant, submitted to the jury the law of assault with a deadly weapon, and the additional contention that appellant cannot complain because he was convicted of a lesser crime than that charged in the indictment.

[2] Over the objection of the appellant, the state was permitted to show by parol that Calender claimed the ownership, or at least the right of possession, of the land upon which this difficulty oc-

curred.   The contention of appellant is that the best
evidence rule should have been applied and that evidence
of such right by parol evidence was of a secondary na-
ture.   This issue as to the ownership or right of posses-
sion of said land was only collaterally involved.   The
principal issue was:  Did appellant assault Calender
with intent to kill him?  Under such circumstances, the
rule laid down in 17 Cyc. 484, as follows, is decisive of
the contention:

> "Where the title to real estate is not in issue but is only
> collaterally involved, or where it is necessary for a party to
> make only a prima facie showing of ownership, the best evi-
> dence rule is not applicable, and the fact of title or prima
> facie right of ownership may be established by parol evi-
> dence."

See, also, the following cases cited by the Assistant
Attorney General:  Levelsmier v. St. L. & S. Ry. Co.,
114 Mo. App. 412, 90 S. W. 104; Harper v. State, 109
Ala. 28, 19 South. 859; Underhill on Crim. Evid. § 309;
1 Wharton's Crim. Ev. § 154.  This disposes of appel-
lant's second and third contentions, but in conclusion of
this discussion of this contention it should be noted that
evidence was subsequently admitted, without any ob-
jection by appellant, that the ownership of the said lands
was in dispute between Calendar and Lewis Payne.

[3]  Counsel for appellant asserts that the court
erred in refusing to permit the witness A. Paul Siegel
to answer a preliminary question with reference to
whether he was an attorney engaged in the trial of a
criminal case, wherein Stephen A. Snavely, a witness
for the state, was convicted upon the charge of stealing
certain wire.   It is said that the question was prelimi-
nary in its nature and asked for the purpose of leading
to the facts showing that Snavely was so convicted and
paid a fine; that the witness knew these facts and was
the only witness by whom the court's docket could have
been proven.   An examination of the record discloses
that the question propounded simply asked if the witness
was the person who prosecuted that case.   No offer to

prove any such facts as counsel now recites was made by appellant at that time, and the Assistant Attorney General therefore contends that what we said in State v. McCracken, 22 N. M. 588, 590, 166 Pac. 1174, 1175, is decisive of this proposition. In this he is correct. In that case we said:

"In order for the appellant to raise the question as to the properity of the ruling of the court upon the sustaining of the objection to the question, it was necessary for him to make a tender of the testimony which he expected to elicit by the interrogatory."

We followed the general rule on the subject, stated in 3 C. J. 827, as follows:

"As a general rule, in order to reserve an available objection to the exclusion of evidence, a proper question must be asked, and, on objection thereto, an offer must be made at the time showing what evidence will be given if the witness is permitted to answer, the purpose and object of the testimony sought to be introduced, and all the facts necessary to establish its admissibility."

As this was not done, the appellant is not in a position to complain of the action of the court in this regard.

[4] The court properly refused to give appellant's requested instruction numbered 5. It dealt with the proposition of self-defense, a subject fully covered by the court's instructions. The rule that the court is under no duty to give an instruction requested by a party, where it has instructed the jury thereon in its own instructions, has been so often decided here that citation of authority thereon is unnecessary.

[5] Appellant's counsel requested the court to instruct the jury that, if they found that appellant had made threats of any character, the same would not deprive him of the right of self-defense. As the Assistant Attorney General argues, there is no evidence whatever in this case which we have been able to find which supports any such instruction. That being so, the instruction was properly refused.

[**6**]   The trial court refused to give a requested instruction seeking to charge that the appellant is presumed to be a man of good moral character, unless it is proved to the satisfaction of the jury, beyond a reasonable doubt, that such is not true. The appellant did not put his character in any respect in issue, and no evidence touching the same was introduced by the state. Appellant's counsel cites no authority for the position he takes, and we have found none, supporting his contention.   Numerous cases holding adverse to his contention, however, are cited in the brief of the state, chief among them being the case of People v. Pekarz, 185 N. Y. 470, 78 N. E. 294, where the court said, among other things:

"Where, however, no evidence has been given upon the subject by the defendant, who alone can open the door, his character is not in issue, and he is not entitled to the instruction 'that the presumption that his character is good must be considered by the jury.' It is only affirmative proof of good character, quite independent of any presumption that one's character is good until shown to be bad, that bears on the probability of guilt and entitles the accused to an instruction that his character must be taken into consideration. The presumption of innocence is vital and must be charged if requested, but the presumption of good character, when unsupported by affirmative proof, is practically an abstraction and need not be charged, even if requested."

See, also, 12 Cyc. 620; People v. Brasch, 193 N. Y. 46, 85 N. E. 809; People v. Lingley, 207 N. Y. 396, 101 N. E. 170, Ann. Cas. 1913D, 403, and note thereto found in 46 L. R. A. (N. S.) 343, where practically all the cases are collected.

[**7**]   In the course of its charge on the law of self-defense, the court said that—

"It is for you to determine from all the evidence whether such defense is made in good faith or is a mere pretense."

The argument is that by the use of the words quoted undue attention is directed to the contention of the state made at the trial, and that it constitutes a comment on

the weight of the evidence. We are unable to agree with counsel in his contention. The instruction dealt with the limitations of the law imposed upon self-defense pleas, and was but fair alike to the appellant and the state.

For the reasons stated, the judgment of the trial court will be affirmed, and it is so ordered.

HANNA, C. J., and ROBERTS, J., concur.

---

[No. 2155.   Aug. 7, 1918.]
[Rehearing Denied Nov. 16, 1918.]
## MOORE v. MAZON ESTATE, Inc.

### SYLLABUS BY THE COURT.

1. Where, under a contract of employment, a broker undertakes to furnish a purchaser ready, able, and willing to purchase described property on terms fixed by the principal, he is not required to produce the written contract to purchase of the proposed purchaser, in order to perform his undertaking, unless the contract so provides.        P. 671.

2. Findings of fact, supported by substantial evidence, are conclusive on appeal.        P. 677.

3. Findings of fact, based upon conflicting evidence, will not be disturbed on appeal.        P. 678.

4. The liability of an agent to his principal is to be determined by ascertaining the nature and scope of the duty of the former to the latter. Evidence and findings examined, and *held*, that broker was not guilty of misconduct.        P. 679.

Appeal from District Court, Bernalillo, County; Raynolds, Judge.