[No. 3555.   April 8, 1931.]

DAVIS v. UNITED STATES FIRE INS. CO.

[298 Pac. 671.]

J. Lewis Clark, of Estancia, and E. W. Dobson, of Albuquerque, for appellant.

Reid, Hervey & Iden, of Albuquerque, for appellee.

OPINION OF THE COURT

WATSON, J.

Appellant commenced this suit November 21, 1927, upon a policy of insurance dated February 3, 1925, for a fire loss occurring December 24, 1925. Verdict was for the appellee, directed by the court upon the ground that the action was barred by the policy provision that no suit should be sustainable unless commenced within twelve months next after the fire.

Appellant contends that the court erred in thus directing the verdict. He relies upon 1929 Comp., § 83-110, providing that, "for the purposes herein contemplated" (that is, for the purpose of computing limitations), a new suit commenced within six months after a former suit has failed, for any reason except negligence in prosecution, shall be deemed a continuance of the first. The fact relied upon is that he had sued on this policy in the

federal court May 5, 1926, and that that suit had been dismissed November 21, 1927, for lack of jurisdiction.

Appellant admits that under the authorities 1929 Comp., § 83-110, would not be applicable if the limitation relied upon was merely contractual. He contends, however, that the twelve months' limitation in insurance policies is really statutory, since section 66 of our 1925 Insurance Code (1929 Comp., § 71-166) prohibits issuance of any other than the New York standard policy which contains this limitation on suit.

It will be noted that 1929 Comp., § 71-166, was enacted after issuance of the policy in question and before the loss. Upon this fact appellant bases two contentions, both of which he supports by authority. First, that it is not an impairment of the obligation of the contract to extend the limitation period after issuance of the policy but before the loss; and, second, that it has been generally held that the effect of such provisions as our section 71-166 is to render statutory what would otherwise have been merely a contractual limitation. The necessity of deciding these questions is precluded, however, by the terms of the section itself. The issuance of other forms of policy is prohibited only after January 1, 1926. It seems plain, therefore, that, whatever may have been the legislative power, it was not its intent, as to policies issued prior to January 1, 1926, to interfere with the existing contractual limitations.

Appellant also contends that the court erred in excluding evidence. As a witness he had testified to a meeting with a representative of the insured. He was then asked by his counsel what the representative "said, if anything, in reference to this controversy about the adjustment of this fire loss." The date of the alleged meeting being more than twelve months after the fire, counsel for appellee objected to any testimony tending to prove a waiver after the period of redemption had expired, and the objection was sustained. Appellant made no offer of proof, and we have no means of knowing whether the answer, if competent, would have been material. Hence, we cannot pass upon the merits of the contention. State

v. Stewart, 30 N. M. 227, 231 P. 692. Diamond X Land & Cattle Co. v. Director General, 27 N. M. 675, 205 P. 267.

The judgment will be affirmed, and the cause remanded.

It is so ordered.

SADLER and HUDSPETH, JJ., concur.

BICKLEY, C. J., and PARKER, J., did not participate.