## SALVATORE VIZZINI *v.* LEE L. DOPKIN

[No. 32, April Term, 1939.]

*Decided June 6th, 1939.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, JOHNSON, and DELAPLAINE, JJ.

*J. Calvin Carney,* with whom was *Preston A. Pairo* on the brief, for the appellant.

*G. C. A. Anderson,* with whom were *Keech, Carman, Tucker & Anderson* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

On February 11th, 1938, the plaintiff, Salvatore Vizzini, then seventy-seven years of age, about eight o'clock P. M., was walking across Park Heights Avenue from Ingleside Avenue, which intersects the easterly side of Park Heights Avenue, but does not cross it. He was on the west side of Park Heights Avenue when he was struck by or collided with the defendant Lee L. Dopkin's automobile. There is no clear statement from any of the witnesses as to how the accident hapened. The plaintiff resided with a daughter on Ingleside Avenue, and when injured was going to visit a son, who lived on Park Heights Avenue. He said, "When I arrived at the crossing, I turned to the left and to the right and saw a machine at Rogers Avenue stopped. I passed Park Heights Avenue, and I put my left foot on the sidewalk of Park Heights Avenue, and then I saw a machine right on top of me, and I fell on my face. * * * I didn't see it, because as soon as I was hit, I fell on my face." At Rogers Avenue, which intersects Park Heights Avenue about 300 feet north of Ingleside Avenue, there is a traffic light which the plaintiff said he did not notice. There is a street light on the west side of Park Heights Avenue opposite the south end of Ingleside Avenue. This was the only testimony as to the accident offered by the plaintiff.

The defendant, Lee L. Dopkin, testified that he was driving south on Park Heights Avenue; with him were his wife, daughter and three friends. He stopped at Rogers Avenue for the traffic light to turn to green. He said: "After we had the right of way at Rogers Avenue, we proceeded south, slowly, and I would say it was approximately 300 feet from Rogers Avenue going due south, when I heard a noise in the back of my car, back of where I was driving, I immediately—in the car they said, 'I wonder what happened.' I pulled to the curb and at approximately three or four lengths, at the most, we stopped completely, and I went back to look, and when I got there, I found the man lying on his back * * *

Parallel with the curb," and possibly six inches from it. He was looking straight ahead, and did not see the man cross in front of him. The other occupants of the car corroborated the defendant. They all said they had just passed Ingleside Avenue when they heard the sound or thump on the right rear side of the car. The plaintiff testified that he was "straight on Ingleside Avenue, crossing Park Heights Avenue," so that there was evidence that the accident occurred at a street crossing, within the decisions of this court, at which the pedestrian has the right of way. Code, art. 56, sec. 209, Act of 1929, ch. 224; *York Ice Machinery Co. v. Sachs,* 167 Md. 113, 173 A. 240; *Brown v. Patterson,* 141 Md. 293, 294, 118 A. 653; *Buckey v. White,* 137 Md. 124, 111 A. 77; *Chasanow v. Smouse,* 168 Md. 629, 178 A. 846.

The witnesses all agree that it was raining, sleeting and freezing, and there was snow and ice on the ground, and one witness said "Visibility not very good."

The judgment being for the defendant, the plaintiff appeals.

The plaintiff's contentions are that the trial court erred in granting the defendant's second and fifth prayers. The second prayer is the common form of unavoidable accident prayer. While it has been approved in some cases, it was said by this court in *Paolini v. Western Mill & Lumber Corp.,* 165 Md. 45, 55, 166 A. 609, 613, where it was disapproved, "Whether it should be granted in any case depends upon the facts of that case." In *Schapiro v. Meyers,* 160 Md. 208, 210, 153 A. 27, 28, which was a suit by a pedestrian for a crossing accident, we said, "as such a coming together of a pedestrian and an automobile could, under the circumstances, clearly have been avoided by care on one side or the other, plaintiff or defendant, the description of unavoidable accident appears to be inapplicable, and rejection of the prayer was proper for that reason." *American Stores Co. v. Herman,* 166 Md. 312, 322, 171 A. 54. In *Leland v. Empire Engineering Co.,* 135 Md. 208, 217, 108 A. 570, 574, it was said of such a prayer, that it was

"* * * liable to mislead the jury by merely stating that proposition of law, without informing them what the law regards as an unavoidable accident," which is defined in *Washington C. & A. Turnpike Co. v. Case,* 80 Md. 36, 45, 30 A. 571, 573, as "* * * an inevitable occurrence, not to be foreseen and prevented by vigilance, care, and attention, and not occasioned or contributed to, in any manner, by the act or omission * * *" of the defendant.

There was evidence in this case from which the jury might have found that the accident was not unavoidable, but that it might have been avoided by the exercise of care and caution on the part of the defendant. According to the plaintiff, he was crossing Park Heights Avenue at an intersection where he had the right of way, at a place which required the defendant to yield. The defendant said he was looking straight ahead and did not see the man pass in front of him, when it is obvious that he did pass in front of him. His failure to see the plaintiff does not relieve him of responsibility. The fact that there was rain, snow, or sleet, resulting in less visibility, is no excuse or reason for not seeing the plaintiff. When weather conditions or darkness are such as to interfere with or shorten the view of the road, it only serves to increase the degree of care required of a driver. *Williams v. State, use of Ellis,* 161 Md. 39, 54, 155 A. 339; *Miles v. Webb,* 162 Md. 269, 273, 159 A. 782; *Edwards v. State, use of Guy,* 166 Md. 217, 221, 170 A. 761. With evidence that the plaintiff had the right of way, at an intersection where the jury might have found that the defendant could or should have seen him in time to have avoided the accident, the jury should not have been instructed that they could find the accident to have been unavoidable and the defendant's second prayer should have been refused.

The defendant contends that even if his second and fifth prayers should be held improper, his prayer for a directed verdict on the ground of legally insufficient evidence should have been granted, and this court should

so decide. *Day v. Weinstein,* 148 Md. 104, 108, 128 A. 897. For the reasons already stated with respect to the defendant's second prayer, his prayers for a directed verdict were properly refused.

The plaintiff also contends that the defendant's fifth prayer should have been refused. The prayer reads: "The defendant prays the court to instruct the jury that if the jury finds from the evidence in this case that the plaintiff walked or stepped into the right hand side of the defendants car, and if the jury shall further find from the evidence that the *plaintiff* was guilty of no act of negligence, if the jury shall so find, then the verdict of the jury shall be for the defendant." The italicised word *plaintiff* is a manifest clerical error, which, had it been called to the trial court's attention, would have been corrected. As the case will be remanded for a new trial, the correction can be made then, and for this reason the prayer requires no further consideration.

*Judgment reversed with costs, and case remanded for a new trial.*