271 P.2d 404

**In re BALDWIN'S WILL.**

**BALDWIN v. BICKFORD.**

**No. 5759.**

Supreme Court of New Mexico.

June 7, 1954.

Compton & Compton, Portales, for appellant.

John J. Wilkinson, Portales, for appellee.

McGHEE, Chief Justice.

The appellee following a jury verdict in her favor was given judgment for $12,000 against the estate of her former husband Jim L. Baldwin, now deceased, which she claimed to be owing to her on a note for

such amount given as her share of community property following their separation in the year 1944. The claimant testified the note had been lost and nothing had been paid on it.

The appellant attacks the sufficiency of the evidence offered to corroborate the claim of appellee, and also assigns error because of the failure to give his requested instruction on the proof necessary to constitute corroboration of a claim against the estate of a deceased person.

■ The appellee was positive in her testimony that she accepted the demand note bearing 6% interest from Baldwin in order that he might use the money in his trading and ranching business, feeling she could get the money at any time she desired. After the separation the appellee attended college in Texas one year and then secured employment as a school teacher. The superintendent of the school where she was employed and two of her fellow teachers each testified they saw the note, that it was for $12,-000, payable to the appellee and that it was signed by J. L. Baldwin, her former husband.

We agree with the jurors who tried the case that this was sufficient corroboration to meet the requirements of § 20–205, 1941 Compilation, which, in effect, requires corroboration of evidence of a claim against the estate of a deceased person on account of matters arising before the death of a person.

The appellant attempted to prove payment during the life time of Baldwin, but the jury evidently believed the statement that a part of the money received by her from Baldwin was for the sale of cattle which were her separate property, and that the balance constituted gifts made to her between the time of the separation in 1944 and the divorce in 1948.

■ The trial court gave the jury the following instruction on the subject of the corroboration necessary before it could return a verdict for the appellee:

"You are instructed that under the law of the State of New Mexico to establish a claim against a deceased person, a claimant shall not recover on his or her own evidence in respect to any matter occurring before the death of the deceased person unless such evidence is corroborated by other material evidence. In this connection you are instructed that the corroborating evidence must be such as would, standing alone and unsupported by the evidence of the claimant, tend to prove the essential allegation or claim."

This instruction is a little shorter than the one tendered by appellant, but all of its essentials are included in the one given, and the trial court did not therefore commit error in this regard.

The judgment will be affirmed, and it is so ordered.

LUJAN and SEYMOUR, JJ., concur.

COMPTON, J., not participating.

SADLER, J., absent from the state, did not participate.