289 P.2d 327

Andrew F. RASMUSSEN, Henry J. Rasmussen, Cynthia Rasmussen, Aura L. Smith, Georgia E. Burrow, Bessie L. Ward, Sales M. Smith, and Muriel C. Smith, Appellants,

v.

Jeanette V. MARTIN, Guardian of V. V. Martin, Appellee.

No. 5963.

Supreme Court of New Mexico.

Oct. 28, 1955.

eral interest in certain lands described in the complaint. It further alleges that the conveyance was induced by undue influence due to plaintiff's age and infirmities, and further, that the conveyance was without consideration. Issue having been joined, the cause was tried to the court, and from an adverse judgment, appellants appeal.

G. W. R. Hoy, Farmington, for appellants.

Palmer & Palmer, Farmington, for appellee.

COMPTON, Chief Justice.

Appellants' intestate, H. John Rasmussen, instituted this action against V. V. Martin, in the District Court of San Juan County, to cancel a deed conveying mineral interest. For convenience, we refer to them as plaintiff and defendant.

The plaintiff died intestate on May 2, 1953, before the cause was heard, and his heirs were substituted as parties plaintiffs. Thereafter, on February 25, 1954, the defendant Martin was adjudged to be an incompetent and Jeanette V. Martin, his wife, was appointed guardian of his estate, following which she was substituted as party defendant.

The complaint alleges that the defendant fraudulently, and with intent to defraud, induced the plaintiff to convey to him min-

The substance of the court's findings is as follows: Both parties were represented by an attorney, Miss Esther Crane, whom they had previously consulted, and the deed was prepared at the direction of the plaintiff; that its contents were fully explained and understood by the plaintiff; that the conveyance was not induced by fraud or deceit; that the conveyance was based on a good and sufficient consideration; and that the testimony of the defendant was corroborated in all respects as required by § 20–2–5, 1953 Comp.

Appellants attack the sufficiency of the evidence to support the findings generally. When a judgment is attacked as being unsupported, the powers of the appellate court ends with a determination whether there is substantial evidence to support it, contradicted or uncontradicted. And in reviewing the evidence on appeal, all conflicts must be resolved in favor of the successful party and all reasonable inferences indulged in to support the judgment; evidence and inferences to the con-

trary will be disregarded. State ex rel. Magee v. Williams, 57 N.M. 588, 261 P.2d 131; Little v. Johnson, 56 N.M. 232, 242 P.2d 1000.

We summarize the evidence. The defendant and plaintiff were endeavoring to organize a drilling company, and to do so, it was necessary to acquire a block of acreage as an inducement for someone to drill for oil and gas on the acreage thus acquired. Pursuant to the agreement, plaintiff conveyed the minerals in question to defendant with the understanding that the same were to become a part of the assets of the drilling company. The defendant contacted other landowners in the area in an effort to acquire such acreage. He also made a trip to California to interest parties in a drilling contract, but his efforts were futile. He then offered to reconvey the minerals to the plaintiff. At the time, however, plaintiff was experiencing financial difficulties. He owed a Mrs. Fields of Durango, Colorado, a substantial sum of money. He was also indebted to the defendant approximately $900 for loans advanced to him and for labor and services performed by the defendant. Desiring to satisfy his creditors, and being without available funds, plaintiff offered to sell the minerals to the defendant, which offer was accepted. Thereupon, they entered into a new contract whereby the amount previously owing the defendant was cancelled and an additional sum of $1,100 was paid to plaintiff for the minerals. The defendant made payments of the latter sum from time to time in small amounts, which were endorsed by plaintiff on copies of a trust receipt, and that when the final payment was made, the plaintiff's copy was delivered to him. The defendant paid the plaintiff $300 on one occasion and $500 at a later date. We deem this evidence substantial. Lumpkins v. McPhee, 59 N.M. 442, 286 P.2d 299.

The main question presented is whether the testimony of the defendant was corroborated as required by § 20–2–5, 1953 Comp. The section reads:

"In a suit by or against the heirs, executors, administrators or assigns of a deceased person, an opposite or interested party to the suit shall not obtain a verdict, judgment or decision therein, on his own evidence, in respect of any matter occurring before the death of the deceased person, unless such evidence is corroborated by some other material evidence."

Miss Crane was called as a witness by appellants. She testified as follows:

"Q. Will you state whether there was any conversation in your office between those two gentlemen at that time relating to this matter?

"A. Yes, sir there was. My recollection is not too clear on it. Mr. and

Mrs.—I mean Mr. Rasmussen and—and Mr. Martin came in my office together, and as I say I don't recall who gave me the information necessary but they told me that Mr. Rasmussen wanted to give a mineral deed to Mr. Martin on certain acreage in San Juan County and in the discussion I was informed by Mr. Martin that they were to form a drilling company and that these mineral rights were to be part of the assets of that company and he also informed me that Mr. Charles M. Tansey, who is an attorney in Farmington, was the attorney they had selected to handle the organization of the company and I prepared the mineral deed.

"Mr. Hoy: Miss Crane, did you prepare at that time and as a part of this same transaction another instrument?

"A. I prepared another instrument in connection with this deed. I have gone back through my file to try to determine whether it was prepared that actual day or several days later but I did prepare an instrument the so called 'Trust Receipt' which Mr. Martin signed and which *indicted* the purpose for which he took the mineral rights from Mr. Rasmussen."

The trust receipt prepared by Miss Crane, in part, reads:

"Know All Men By These Presents: That receipt is hereby acknowledged of a conveyance by mineral deed from H. John Rasmussen to V. V. Martin of all his right, title and interest in and to all of the oil and gas in and under and that may be produced from the following described lands situated in San Juan County, New Mexico:

\* \* \* \* \* \*

"That the grantee therein, V. V. Martin hereby acknowledges that said conveyance was given for the purpose of using the same as an asset of a drilling company to be formed by the said H. John Rasmussen, V. V. Martin, and others and agrees hereby that no sale or transfer of said minerals shall be made without the approval on this receipt of the grantor, H. John Rasmussen, prior to the time that said contemplated drilling company is formed."

William R. Baldan was called as witness for the defendant. He testified that he was at the home of the defendant in the spring of 1952. What occurred on that occasion is found in his testimony:

"A. Well I went over to visit Verle (Martin) and there was another fellow there. A fellow by the name of Rice and we were all sitting around talking. Verle lived about 5 trailers away from where I did and pretty soon John (Rasmussen) came in and they talked for a while and John said he wanted the rest of the money for a deed of some

sort and Verle paid him off $500. He counted it out to him, I didn't count it out with them, you know, as he counted he said, '$500,' and John said, 'Alright,' and he handed a paper to Verle and Verle asked him what he wanted to do with it and John said something about Verle having the deed and he didn't need it and that he could destroy it if he wanted to and Verle tore some of those papers and burned them in the heater in the front room—the oil heater in the trailer. * * *

\* \* \* \* \* \*

"Q. You have no knowledge as to what those papers were?

"A. No, except what I heard in the conversation.

"Q. What was there said in the conversation?

"A. Well he said something about a deed and mentioned gas and oil rights, I didn't pay too close attention to their conversation because it was none of my business."

■ This statute has been before us on numerous occasions. Vehn v. Bergman, 57 N.M. 351, 258 P.2d 734; Baldwin v. Bickford, 58 N.M. 370, 271 P.2d 404. But it is well to restate that the corroboration required is some form of evidence which, in and of itself, tends to establish the essential facts necessary to recovery. Thus

viewed, we are of the opinion that the corroboration of the defendant is sufficient to meet the statutory requirements.

■ It is contended that since the defendant had been adjudged incompetent, his testimony should have been considered in such light. This contention is not entirely clear, but appellants have assigned as error a finding of fact made by the trial court that the defendant was fully competent to testify in his own defense as a witness in this cause. We can see no error in this regard, in view of a pre-trial order entered in the case that although the defendant had been adjudged an incompetent he could testify in his own behalf, subject to objections and evidence as to his credibility. In this connection see § 20-1-8, N.M.S.A., 1953 Comp. If it is the contention of appellants that the trial court abused its discretion in assessing the credibility of the witness, we find no proof of such abuse in our review.

■ It is further argued that the court erred in refusing to make certain requested findings. The rule is well established in this jurisdiction that where findings are properly supported by substantial evidence, error is not to be found in the refusal of the court to make findings to the contrary.

■ Having thus concluded, the deed alone must be looked to in order to determine the right and equities of the parties. Collier v. Sage, 51 N.M. 147, 180 P.2d 242;

Everett v. Gilliland, 47 N.M. 269, 141 P.2d 326; Fuqua v. Trego, 47 N.M. 34, 133 P.2d 344; Norment v. Turley, 24 N.M. 526, 174 P. 999.

The judgment will be affirmed, and it is so ordered.

LUJAN, SADLER and McGHEE, JJ., concur.

KIKER, J., not participating.