328 P.2d 944

**Willie HINES, Plaintiff-Appellee,**

v.

**Dollie T. HINES, Defendant-Appellant.**

No. 6423.

Supreme Court of New Mexico.

Aug. 11, 1958.

J. Benson Newell, Las Cruces, for appellant.

L. J. Maveety, Las Cruces, for appellee.

LUJAN, Chief Justice.

Defendant-appellant, Dollie T. Hines, appeals from a final decree and judgment granting a divorce to plaintiff-appellee, Willie Hines, on the ground of incompatibility. No children were born of the marriage and there is no community property. The parties were married on August 12, 1943, at Shreveport, Louisiana, two or three weeks after appellee had been drafted into the Navy. They separated on or about December 28, 1946, and never saw each other again until January 28, 1958, the day of the trial.

The court found: "That by reason of a total variance in taste, dispositions, ambitions, mental attitudes and ideals of plaintiff and defendant, they were, and are, wholly and completely incompatible and unable to live together in peace."

The appellee testified as follows:

"Q. * * * What was the cause of your separation? A. Well, at that time I was drafted in the Navy in '43. Well I stayed in the Navy three years, two months and four days. Well I got out and I was going to school at night and working in the day at Pine Bluff.

"Q. Pine Bluff, Arkansas? A. That's right, and at times I'd come home from work and she wouldn't have meals prepared and she'd want to go and visit with friends when I wanted food and lots of time she'd want to go somewhere else.

"Q. Did you have any arguments and disagreements? A. We did have some.

"Q. What about? A. About the food and I'd want her to go with me and she'd want to go somewhere else.

\*   \*   \*   \*   \*   \*

"Q. Now how do you feel right now, do you feel that you and Dollie can reconcile and go back together and live as husband and wife? A. No, sir, not after twelve years, no sir. \* \* "

On cross-examination he was asked:

"Q. Well, you got along all right that time didn't you? A. Well, not too good then."

Counsel for appellant, in his brief, disregards entirely the testimony of the appellee, argues the weight of appellant's testimony, and contends that the trial court erred in finding the parties incompatible.

The findings of fact made by the trial court, including the one challenged, are supported by sufficient evidence of a substantial nature, and are therefore, for the purpose of review, the facts in the case. In reviewing the evidence on appeal, all disputed facts are resolved in favor of the successful party and all reasonable inferences indulged in to support the judgment. All evidence and inferences to the contrary will be disregarded and the evidence viewed in the aspect most favorable to the judgment. We have spoken upon this substantial evidence rule so often that citation of authority is unnecessary.

As to the trial court's refusal of appellant's requested findings of fact, suffice it to say that the refused findings were diametrically opposed to or inconsistent with the facts properly found by the trial court in support of the final decree and judgment. Therefore, the refusal was not error. Alexander v. Cowart, 58 N.M. 395, 271 P.2d 1005; Wedgwood v. Colclazier, 55 N.M. 32, 226 P.2d 99; Bezemek v. Balduini, 28 N.M. 124, 207 P. 330.

In the case of Chavez v. Chavez, 39 N.M. 480, 50 P.2d 264, 267, 101 A.L.R. 635, Justice Hudspeth in a specially concurring opinion said:

"'Incompatibility' is defined by the Century Dictionary as: 'The quality or condition of being incompatible; incongruity; irreconcilableness.' And Webster's New International Dictionary: 'Quality or state of being incompatible; inconsistency; \* \* \* incapable of harmonious combination;

380

incongruous; as, incompatible colors; incapable of harmonious association or acting in accord; disagreeing; as incompatible persons. * * *' Pope's Legal Definitions gives the following: 'Incompatibility. "The elements and qualities which may create incompatibility between persons elude exact definition, so varied are the circumstances and so dependent is such a state of feeling upon education, habits of thought and peculiarities of character. * * *" * * *' "

See, also, Poteet v. Poteet, 45 N.M. 214, 114 P.2d 91, and Pavletich v. Pavletich, 50 N.M. 224, 174 P.2d 826.

■ Taking all of the facts of this case into consideration, together with the further fact that the parties were living in separate cities and did not see each other for more than twelve years, we cannot say that the final decree and judgment of the trial court in granting the divorce on the ground of incompatibility was clearly against the weight of the evidence.

Finding no error in the record the final decree and judgment of the trial court is affirmed.

It is so ordered.

SADLER, McGHEE, COMPTON, and SHILLINGLAW, JJ., concur.