391 P.2d 660

**Elizabeth O. FALKNER and Francis G. Falkner, Plaintiffs-Appellants,**

**v.**

**Charles MARTIN, Defendant-Appellee.**

**No. 7283.**

Supreme Court of New Mexico.

Jan. 13, 1964.

Rehearing Denied May 8, 1964.

Bigbee & Byrd, Santiago E. Campos, Santa Fe, for appellants.

Modrall, Seymour, Sperling, Roehl & Harris, Allen C. Dewey, Albuquerque, for appellee.

NOBLE, Justice.

Elizabeth Falkner was struck by defendant's automobile at a street intersection in Los Alamos, New Mexico. Plaintiffs have appealed from a judgment against them

following a jury verdict finding the issues in defendant's favor.

Error is predicated upon the fact that an unavoidable accident instruction was given, plaintiffs claiming that there is no evidence in the record from which the jury could have determined that neither party was negligent.

The sole question presented under this claim of error is whether there is evidence from which the jury could conclude that the accident occurred without the negligence of anyone being the proximate cause, Zamora v. Smalley, 68 N.M. 45, 358 P.2d 362; Horrocks v. Rounds, 70 N.M. 73, 370 P.2d 799; Baros v. Kazmierczwk, 68 N.M. 421, 362 P.2d 798, keeping in mind that we are bound to view it in a light most favorable to the prevailing party (defendant). New Mexico Bus Sales v. Michael, 68 N.M. 223, 228, 360 P.2d 639; Hines v. Hines, 64 N.M. 377, 379, 328 P.2d 944; Rasmussen v. Martin, 60 N.M. 180, 182, 289 P.2d 327; Pentecost v. Hudson, 57 N.M. 7, 11, 252 P.2d 511.

Unavoidable accident was pled as an affirmative defense and there was evidence tending to support the theory. It is well established in this jurisdiction that a party is entitled to an instruction on his theory of the case if he has pled it and there is evidence upon which the theory might be supported. Lucero v. Torres, 67 N.M. 10, 350 P.2d 1028. We think Lucero.

is controlling under the facts of the instant case and requires our conclusion that the giving of such an instruction was not error. The very nature of the circumstances under which some motor vehicle accidents occur was said in Lucero to suggest that genuine questions of unavoidable accident may be present which give foundation for the instruction. Suggestions of some such circumstances were made, when it was said:

"A prominent feature may be one of surprise, sudden appearance and reasonably unanticipated presence of a pedestrian, combined with circumstances which present a fair issue as to whether the failure of a driver of a motor vehicle to anticipate or sooner to guard against the danger or to avoid it, is consistent with a conclusion of the exercise of his due care. In such cases, the trial courts are inclined to grant the instruction on unavoidable accident and their action in so doing is generally approved by the appellate courts. (citing cases)"

Plaintiffs rely upon Horrocks v. Rounds, supra, but a review of the record discloses facts much more nearly resembling the examples cited in Lucero v. Torres, supra, which were said to require an unavoidable accident instruction.

The accident in this case occurred shortly before 6:00 p. m. on November 15, 1961, approximately one hour after sunset, but while there was still some twilight. In the

words of appellant, it was "dusky dark." Mrs. Falkner (appellant) was wearing a dark coat and walking across the intersection, but there is a conflict in the evidence as to whether she was within the marked crosswalk. Likewise, there were conflicts as to the weather conditions and the extent to which visibility was impaired.

At the time in question, appellee, with a Mrs. Bunch as his passenger, was looking ahead, driving his automobile in a normal manner at a speed of 15–18 miles per hour. The car lights were in good condition and were on at the time of the accident. While thus proceeding, Mrs. Falkner suddenly loomed in front of the car, causing Mrs. Bunch to scream, and causing appellee to jam on his brakes, unfortunately not in time to prevent the accident. There was no evidence that appellant could have been seen by anyone in the car before she actually was seen. Furthermore, there was evidence that eyewitnesses present at or near the intersection who looked in both directions did not see Mrs. Falkner crossing the intersection until she was actually struck, or saw her such a short time prior thereto that a driver could not have avoided the accident. There was also testimony that visibility was such that even after the impact Mrs. Falkner's body was not clearly discernible as it fell to the pavement.

 There being a conflict as to the issue of negligence, contributory negli-

gence and unavoidable accident, questions as to whether plaintiff or defendant was negligent, or whether both or neither were negligent, were for the jury to determine under proper instructions. The giving of an instruction on unavoidable accident, under the facts of the instant case, was not error.

Vizzini v. Dopkin, 176 Md. 639, 6 A.2d 637, strongly relied upon by plaintiffs, applied a different test than that established by our decisions. Lucero v. Torres, supra; Horrocks v. Rounds, supra. We decline to overturn the rule announced in the prior decisions of this court. We have noted the cases cited by plaintiffs and find them distinguishable, not persuasive, or contrary to our own decisions.

 Plaintiffs assert as error restriction of cross-examination of defendant involving his liability insurance. A mistrial will generally be declared in a negligence action if the question of insurance is brought into the case in such manner as to be calculated to influence the verdict of the jury. Such testimony, however, would clearly not be prejudicial to the plaintiff, and will not require a mistrial when the injection of insurance is brought out upon direct examination of defendant or one of his witnesses. Garcia v. Sanchez, 68 N.M. 394, 362 P.2d 779.

In relating a conversation with plaintiff after the accident, defendant mentioned

his insurance carrier. Plaintiff's counsel thereupon, in the absence of the jury, requested permission to cross-examine defendant off the record, assertedly for the purpose of eliciting information as the basis for a tender of proof by plaintiff. Permission to cross-examine defendant out of the jury's presence was granted, but on condition that it be a part of the record. The request for such permission was then withdrawn, the record showing:

"We want to withdraw that request as not having been permitted to examine the witness before the Jury."

■ In this case plaintiff neither pursued the examination of the witness nor tendered an offer of proof. An offer of proof is essential to the preservation of error on the exclusion of evidence. Davis v. United States Fire Ins. Co., 35 N.M. 381, 298 P. 671; Diamond X Land & Cattle Co. v. Director General of Railroads, 27 N.M. 675, 679, 205 P. 267; State v. Goodrich, 24 N.M. 660, 664, 176 P. 813; State v. McCracken, 22 N.M. 588, 166 P. 1174; State v. Fernandez, 37 N.M. 151, 19 P.2d 1048.

Plaintiffs rely upon decisions of other jurisdictions that testimony regarding insurance is not error if it is only mentioned under circumstances where it partakes of an admission and is elicited in such form as to be otherwise not objectionable. We need not decide whether we would follow the line of authorities so holding. Absent a tender of proof, no error was preserved for appeal.

■ We find no error in denial of the right to cross-examine the defendant on any question involving defendant's insurance carrier.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

COMPTON, C. J., and CARMODY and CHAVEZ, JJ., concur.

MOISE, J., dissenting.

MOISE, Justice (dissenting).

I cannot agree that the trial court acted properly in submitting the issue of unavoidable accident to the jury in the present case. To my mind, the controlling decisions of this court are Jontz v. Alderete, 64 N.M. 163, 326 P.2d 95; Pitner v. Loya, 67 N.M. 1, 350 P.2d 230, and Baros v. Kazmierczwk, 68 N.M. 421, 362 P.2d 798. Also, I am of the opinion that the language quoted by the majority from Lucero v. Torres, 67 N.M. 10, 350 P.2d 1028, requires a different result from that reached. See, also, 65 A.L.R.2d 12, 85, where the note writer states:

"In the majority of the cases involving the striking of pedestrians at or near street intersections, instruc-

tions on 'accident,' 'unavoidable accident,' and comparable accident instructions, have been considered inappropriate."

People do not just "loom" in front of cars absent something in the proof indicating impenetrable fog or smog, or similar obstruction to vision. The majority opinion states there was no proof that appellant could have been seen by any one in the car before she was actually seen. I have always been of the opinion that a driver of a car is required to see that which is in front of him and visible, and proof of visibility of an object the size of a human being is not required. Ortega v. Koury, 55 N.M. 142, 227 P.2d 941. This is certainly true unless some reasonable basis for failure to see, other than not looking, is presented, Turner v. McGee, 68 N.M. 191, 360 P.2d 383, and even then, reason tells me that either the pedestrian or the car driver, or both, would be negligent in proceeding across an intersection under such circumstances. Here I find no reasonable explanation of the parties' failure to see each other until the instant preceding the collision. The fact that eyewitnesses testi-fied that they looked in both directions and did not see plaintiff supplies no answer. They were not the ones proceeding on a collision course with plaintiff, were looking from a different angle and direction, and had no duty to notice her.

Finally, I do not agree that the rule that evidence must be considered in an aspect most favorable to an appellee has any application where the issue being decided is whether or not an instruction on unavoidable accident was properly given. The true question is simply one of whether any evidence is present in the record which would support such a theory. Lucero v. Torres, supra. That the jury has returned a verdict for defendant aids us not one whit in determining the correct answer to this problem. Under the instructions as given it is impossible to determine if the jury found defendant free from negligence, both parties negligent, or both parties free from negligence.

For the reasons stated, I would reverse and remand the case for a new trial and respectfully dissent from the opinion holding otherwise.