417 P.2d 431

STATE of New Mexico ex rel. STATE HIGHWAY COMMISSION, Petitioner-Appellant,

v.

Edwin STEINKRAUS and Eileen P. Steinkraus; W. Larry Miller and Helen Monica Miller and Florence A. Carmony, Defendants-Appellees.

No. 7825.

Supreme Court of New Mexico.

July 5, 1966.

Rehearing Denied Aug. 30, 1966.

Boston E. Witt, Atty. Gen., Hadley Kelsey, Joseph L. Droege, William S. Martin, Jr., John C. Worden, Oliver G. Ricketson, George D. Sheldon, Richard T. Whitley, Donald B. Moses, Sp. Asst. Attys. Gen., Santa Fe, for appellant.

Rhodes & McCallister, Albuquerque, for appellees.

## OPINION

NOBLE, Justice.

The State Highway Commission of New Mexico (hereafter termed Commission) has appealed from a judgment awarding damages to defendants for the taking of certain of their property by eminent domain, brought pursuant to the special alternative condemnation procedure (§§ 22–9–39 to 22–9–61, N.M.S.A. 1953).

The Commission strongly urges error because the trial court permitted the landowners to call, as an adverse witness, an expert appraiser, Mr. McMullen, who was employed and paid by the Commission to appraise the property taken in this action. The exact ground of the asserted error is not entirely clear. It seems, however, to argue that a party who has not employed an expert for that purpose cannot require him to testify to matters within his expert

knowledge, because (1) such testimony violates the attorney-client privilege, and (2) it is unfair to permit the condemnee to take advantage of the expert's work-product paid for by the State.

■ This question has not heretofore been determined by this court, and other jurisdictions are divided. See Annotations 77 A.L.R.2d 1191 and 86 A.L.R.2d 171. We point out at the outset that we are not here dealing with the case of an expert who refused to testify upon the ground that he was the agent or representative of the party who paid for his services, or that as an expert he is entitled to an expert's fee for testifying. Mr. McMullen made no objection to testifying. Counsel for the Commission objected on the ground that the expert had been retained by the State; had given an opinion to the State; and, that the nature of this information is privileged, the work-product of this appraiser which the State cannot be compelled to divulge. Clearly, the appraisal was not a privileged communication within the meaning of § 20–1–12, N.M.S.A. 1953, which defines communications made in professional confidence; nor does it come within any of the circumstances specified by statute under which certain communications are privileged.

■ It is clear to us that the attorney-client privilege should only be applied to protect communications—not facts. Per-

haps an expert's report may under some circumstances amount to a communication falling within the scope of the privilege; but, his observations and conclusions themselves, whether or not contained in a report, are facts which, if relevant, constitute evidence, and such expert's testimony has no blanket protection under the attorney-client privilege., 14 Stanford L.Rev. 455. Certainly an individual who has knowledge of material facts cannot, merely by reporting them to the attorney, prevent the other party from questioning him as to those facts. See People ex rel. Department of Public Works v. Donovan, 57 Cal.2d 346, 19 Cal.Rptr. 473, 369 P.2d 1; nor does it make such information protected conclusions any more than the account of one who witnessed a happening. Compare United Air Lines, Inc. v. United States, 26 F.R.D. 213 (D.Del.1960); United States v. Certain Parcels of Land, etc., 25 F.R.D. 192 (N.D. Cal.1959); White Pine Copper Co. v. Continental Insurance Co., 166 F.Supp. 148 (W. D.Mich.1958). We think the conclusions of an expert are as much evidence as are his observations.

■ This is not a situation where counsel was required to divulge from his files memoranda, statements or other written reports detailing the substance of conversations between counsel and a potential witness. See Hickman v. Taylor, 329 U.S. 495, 508, 67 S.Ct. 385, 91 L.Ed. 451. The opinions and conclusions of an expert are

not those which Hickman sought to protect. See Development in the Law—Discovery, 74 Harvard L.Rev. 940. The opinions and conclusions of an expert constitute evidence in themselves. McCormick on Evidence, §§ 13–14. In theory, at least, the work-product doctrine only bars discovery before trial. See Haskell v. Siegmund, 28 Ill.App.2d 1, 170 N.E.2d 393.

Pennsylvania Co., etc. v. City of Philadelphia, 262 Pa. 439, 105 A. 630, 2 A.L.R. 1573; Cooper v. Norfolk Redevelopment & Housing Authority, 197 Va. 653, 90 S.E.2d 788; and L'Etoile v. Director of Public Works, 89 R.I. 394, 153 A.2d 173, 77 A.L.R.2d 1174, relied upon by the Commission are all distinguishable because in each case the expert either refused or objected to testifying for the condemnee, or the property owner abandoned the inquiry. Ramacorti v. Boston Redevelopment Authority, 341 Mass. 377, 170 N.E.2d 323, merely held that the court had not abused its discretion in refusing to require the expert witness to testify.

■ We agree with the Iowa court in Crist v. Iowa State Highway Commission, 255 Iowa 615, 123 N.W.2d 424, that while there may be a seeming unfairness in permitting one party to use the opinion of an expert employed and paid by his opponent, that is certainly not a valid objection where the state is seeking to take or damage private property for public use. Our Constitution, Art. II, § 20, makes it the responsibility of the Commission not only to see that land necessary for public highways is obtained at a price fair to the public, but it also has a duty to the property owner to see that he is fairly compensated. Since the Commission is a public body charged with those two responsibilities, we perceive no valid reason why use by a condemnee of the opinion of an expert employed by the Commission and paid from public funds is unfair to the Commission. The Commission's duty to see that the landowner is fairly paid for property taken or damaged removes any taint of unfairness that might exist in a controversy between private parties. And, as the Iowa court said, "differences of opinion will arise and litigation will ensue." It must be remembered that the expert, whose testimony was used by the condemnee in this instance, was paid for his appraisal of the property involved in this action with public funds. Under such circumstances, we perceive no reason why the Commission should object to his appraisal being made known. See Sachs v. Aluminum Co. of America, 167 F.2d 570, 571 (6th Cir. 1948), where an expert was required to testify, the court saying: "The primary concern of courts of justice is to elicit truth essential to correct adjudication." See, also, to the same effect, Sneddon v. Edwards, 53 Wash.2d 820, 335 P.2d 587; State ex rel. Berge v. Superior Court, 154 Wash. 144, 281 P. 335; and State v.

Biggers, 360 S.W.2d 516, 518 (Tex.1962). See, also, State v. Washington Horse Breeders Assn., 64 Wash.2d 756, 394 P.2d 218, where the court said:

"Whether or not appraisals made at state expense under the above circumstances should be made available to the landowners is a matter which must rest within the discretion of the trial court. No rule of law should prevent the use of such material and witnesses by either party, with the consequent savings in delay and expense, whenever it can be accomplished without undue prejudice to the parties. * * *"

We conclude that under the facts of this case, the better rule makes the expert's testimony available to the condemnee in an eminent domain proceeding in which the State seeks to take or damage private property.

■■■■ Refusal of the court to permit the Commission to call an expert employed but not used by the landowner is urged as error. The tender was denied on the basis that the State had other expert witnesses testify as to the before-and-after value of the property in question, and that the tendered testimony would only be cumulative. We said in Sturgeon v. Clark, 69 N.M. 132, 364 P.2d 757, that whether cumulative evidence will be permitted is in the area of the court's discretion and the ruling thereon

will not be disturbed on appeal unless it is made to appear that such discretion was abused. We are unable to say that there was an abuse of the court's discretion.

■■■■ The Commission complains of the court's refusal to allow testimony of the price paid for the property in question by the landowner. An objection to the question was sustained. No injury has been shown by reason of the exclusion of the evidence because of failure to make an offer of proof. Absent an offer of proof, the exclusion of the evidence cannot be attacked on appeal. Falkner v. Martin, 74 N.M. 159, 391 P.2d 660; Diamond X Land & C. Co. v. Director General of Railroads, 27 N.M. 675, 205 P. 267; Palatine Ins. Co. v. Santa Fe Mercantile Co., 13 N.M. 241, 82 P. 363; State v. Goodrich, 24 N.M. 660, 176 P. 813; State v. Stewart, 30 N.M. 227, 231 P. 692; Davis v. United States Fire Ins. Co., 35 N.M. 381, 298 P. 671.

■■■■ Finally, the Commission argues that the award of damages by the jury was excessive. The court instructed the jury that they must determine the market value of the property on the testimony presented and that they:

" * * * may not arrive at an evaluation of the property that is less than the lowest evaluation, $12,650.00, testified to by any witness, nor more than the highest evaluation, $19,775.00, testified to by any witness."

There was evidence of extensive flood damage. The appraisers testified that protection from flood damage was not taken into account by them because they assumed the State would protect against future flood damage. The court instructed (No. 14):

"You are instructed that the State of New Mexico has a duty to protect the remaining property from flood damage, which might occur as a result of the diverting of water into the canal taken by the State of New Mexico. You are instructed that the cost to construct such flood protection may be a necessary element in the damages sustained by the land owners. If you find such damage you are therefore instructed to include the cost of construction of the protective devices in determining the compensation due the land owners."

In our view, the jury was instructed that its determination of market value must be not less than the lowest nor more than the highest figure testified to. But in the following instruction, the court charged the jury that while it was the State's duty to protect the landowner's remaining property from flood damage, the cost of protective devices might be necessary, and that if the jury found it necessary they should include such cost in determining the amount of damages to be awarded.

The fact that the jury assessed the landowner's damages at $3,725.00 more than the highest market value appraisal is sufficient indication that the jury did assess damages for such protective device.

The amount of the verdict is not attacked as lacking substantial support in the evidence. We conclude that the objection is without merit.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

CHAVEZ and COMPTON, JJ., concur.