500 P.2d 1312

**Joseph G. MARTINEZ, Plaintiff-Appellant,**

v.

**CITY OF ALBUQUERQUE et al., Defendants-Appellees.**

**No. 863.**

Court of Appeals of New Mexico.
Aug. 25, 1972.

**190**

Ramon Lopez, Albuquerque, for plaintiff-appellant.

Dale W. Ek, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, for City of Albuquerque and Wylie Bros. Contracting Co.

William K. Stratvert, Charles A. Pharris, Keleher & McLeod, Albuquerque, for Southern Union Gas Co.

## OPINION

WOOD, Chief Judge.

The issue is whether the trial court erred in granting summary judgment on the basis that plaintiff was contributorily negligent as a matter of law.

Plaintiff was driving his car on a road, part of which was under construction. The road narrowed so that it was just wide enough for one vehicle as it approached and crossed an irrigation ditch. The ditch crossing was raised several feet above the level of the road. A manhole, in the western slope of the ditch crossing, protruded some 7 to 9 inches above the slope at the western edge of the manhole.

Plaintiff, driving east, approached the ditch crossing and the protruding manhole about 5:00 p. m. on a bright, clear day in October. He struck the protruding manhole. He sued the various defendants for negligence. He appeals the ruling that plaintiff was contributorily negligent as a matter of law.

The showing of defendants in support of summary judgment on the basis of contributory negligence is: the manhole was in the road ahead of him as he approached the ditch crossing, plaintiff did not see the manhole before hitting it, and he admits there was "no reason whatsoever" why he couldn't see the manhole as he approached. " * * * [I]t was nice and clear; you can see everything. But, like I said, I wasn't looking for it. I mean, if I would have had in my mind that something was over the road that was an obstacle in the road, I would have stopped or I would have been more conscious of it, but— * * * I didn't see it."

The foregoing is a showing that plaintiff failed to keep a proper lookout by failing to see what was in plain sight. See N.M. U.J.I. 9.2 and 9.3 and cases cited in the committee comment. Defendants' showing was that plaintiff was contributorily negligent because his conduct fell short of the standard to which a reasonable man should conform to protect himself from harm. Williamson v. Smith, 83 N.M. 336, 491 P.2d 1147 (1971).

With this showing, the burden was upon plaintiff to show there was a genuine factual issue and that defendants were not entitled, as a matter of law, to summary judgment. Goodman v. Brock, 83 N.M. 789, 498 P.2d 676 (1972).

Attempting to meet this burden, plaintiff relies on the fact that as he approached the ditch crossing and the protruding manhole, a car crossed the ditch from east to west and, in doing so, had not struck the manhole. The passing car may have caused plaintiff to pay less attention to the road, but it is undisputed this oncoming car had passed plaintiff and, as plaintiff entered the narrowed portion of the road, there

was nothing obstructing his vision as he approached the manhole. This does not raise a factual dispute.

Plaintiff also contends summary judgment was improper because, as a matter of law, there was a factual question as to whether plaintiff acted as a reasonable, prudent person. He invokes the rule that where reasonable men may fairly differ on the question of contributory negligence, the question is to be determined by the fact finder. Williamson v. Smith, supra. He relies on Olguin v. Thygesen, 47 N.M. 377, 143 P.2d 585 (1943).

*Olguin,* supra, is distinguishable on the facts. In *Olguin,* supra, plaintiff, on a dark night, driving on a recently oiled road, collided with a black "road roller" which had been left on the main traveled portion of the road without lights. Because of the lighting conditions, reasonable men could differ as to Olguin's contributory negligence. Here, plaintiff, in daylight, with an unobstructed view, and with "no reason" why he didn't see the protruding manhole, collided with it.

A suggestion has been made that Beyer v. Montoya, 75 N.M. 228, 402 P.2d 960 (1965) is applicable. We disagree. Mrs. Beyer was not contributorily negligent, as a matter of law, because there were factual issues as to whether she violated a statute regulating traffic and as to the speed of defendant's vehicle. See Fitzgerald v. Valdez, 77 N.M. 769, 427 P.2d 655 (1967). Here, no statutory duty is involved and the protruding manhole was motionless.

For reasonable men to fairly differ, there must be reasonable inferences arising from the facts on which to base the differences. See Goodman v. Brock, supra. Here, there is no basis for differences by reasonable men. The only reasonable inference is that plaintiff's daylight collision with a protruding manhole which plaintiff had "no reason" for not seeing was a failure to keep a proper lookout.

There being no factual issues as to plaintiff's contributory negligence, the summary judgment is affirmed. Goodman v. Brock, supra.

It is so ordered.

HENDLEY, J., concurs.

HERNANDEZ, J., dissents.