563 P.2d 1150

NEW MEXICO STATE HIGHWAY
DEPARTMENT, Petitioner,

v.

Knox VAN DYKE, Administrator of the
Estate of Anita Van Dyke, Deceased, and
Knox Van Dyke as parent and next
friend of Richard Van Dyke, a minor,
Respondents.

Knox VAN DYKE, Administrator of the
Estate of Anita Van Dyke, Deceased, and
Knox Van Dyke as parent and next
friend of Richard Van Dyke, a minor,
and Knox Van Dyke, Individually, Peti-
tioner,

v.

NEW MEXICO STATE HIGHWAY DE-
PARTMENT, and the Millers Mutual
Fire Insurance Company of Texas, Re-
spondents.

Nos. 11046, 11050.

Supreme Court of New Mexico.

April 6, 1977.

Rehearing Denied May 17, 1977.

Toney Anaya, Atty. Gen., James V. Noble, Asst. Atty. Gen., Richard L. Russell, Chief Counsel, N.M. State Highway Dept., Santa Fe, Rodey, Dickason, Sloan, Akin & Robb, P.A., James C. Ritchie, Albuquerque, for N.M. State Highway Dept.

S. S. Koch, W. B. Kelly, White, Koch, Kelly & McCarthy, Santa Fe, for Knox Van Dyke.

Modrall, Sperling, Roehl, Harris & Sisk, Allen C. Dewey, Jr., Albuquerque, for The Millers Mut. Fire Ins. Co. of Tex.

## OPINION

McMANUS, Chief Justice.

On July 21, 1971 petitioner-respondent Van Dyke (hereafter plaintiff), with his wife and son, was driving from Albuquerque toward Santa Fe on Highway 85. After passing the crest of La Bajada Hill the Van Dyke vehicle struck the rear of a truck carrying concrete blocks. The collision caused the death of Mrs. Van Dyke with injuries to Mr. Van Dyke and their son. A suit was filed for injuries received by Van Dyke and his son, and the death of his wife. The jury rendered a judgment in favor of all three plaintiffs. The New Mexico State Highway Department (Highway Department) appealed the denial of its motion for a directed verdict to the Court of Appeals. The Millers Mutual Fire Insurance Company of Texas (Millers) was allowed to intervene in the proceedings before the Court of Appeals. In its opinion concerning this case the Court of Appeals stated as follows:

> We reverse the judgment with respect to the plaintiff Knox Van Dyke in his individual capacity and as administrator of the estate of Anita Van Dyke and remand for a new trial. The judgment for Richard Van Dyke is affirmed. The order of the trial court regarding insurance coverage between Millers and the Highway Department is reversed for a new trial. It is the further order of this court that the trial court determine the issue of insurance coverage before any action is taken on affirmance of Richard Van Dyke's judgment and of the new trial for Knox Van Dyke in his individual capacity and as administrator of the estate of Anita Van Dyke.

The Van Dykes and the Highway Department both petitioned for a writ of certiorari to the Court of Appeals. We granted certiorari and consolidated both petitions. We reverse the Court of Appeals.

There were several points alleged as error in the petitions. The first point concerns the allegations of negligence on the part of the Highway Department.

Plaintiff alleges as the basis of the Highway Department's liability that it was negligent in designing the highway with "stopping-sight" distances and shoulders less than standard; and that it posted an excessive speed limit for the highway. Plaintiff's theory of the case, as submitted to the jury in instruction No. 1, reduced the claim to posting an excessive speed limit and having inadequate shoulders.

The highway in question was constructed in 1931 and has not been materially altered since then. There was no evidence that it did not conform to new-highway construc-

tion standards, existing at that time. Subsequent to 1931, various changes were effected to meet new driving conditions. An annual rating system for older highways was developed and each road was periodically checked to determine whether it met the newer standards.

In 1971 the legal speed limit was 70 m. p. h. but the Highway Department had the power to lower the speed limit if an investigation revealed that the legal speed was greater or less than was reasonable or safe for the road conditions. Section 64–18–2.-1(A), N.M.S.A.1953 (2d Repl. Vol. 9, Pt. 2, 1972). The annual ratings for Highway 85 for several previous years showed that it was rated adequate for 70 m. p. h. traffic, although, by the new construction standards of 1971, there were some deficiencies. There was no allegation that this rating system was negligent or improper.

The alleged defect was that the "stopping-sight" distances for a 70 m. p. h. highway did not conform to either the 1954 or 1971 criterion for new-highway construction. The "stopping-sight" distance is that distance required for a motorist, after perceiving an obstruction in the road ahead, to take appropriate action to avoid it. The 1971 standards called for a 600 feet stopping-sight distance for a car traveling 70 m. p. h., measured from a point three feet nine inches from the pavement (e. g. approximate eye-level of a driver) to a point six inches above the pavement (supposedly where an object would by lying). The stopping-sight distance at the portion of the highway where the accident took place did not meet this standard.

■ However, under the present circumstances it is clear that plaintiff had an adequate stopping-sight distance because the object which was obstructing his progress was not six inches from the pavement, but was a truck measuring eight feet two inches in height. The facts are undisputed. Plaintiff had the opportunity to see the truck, or a part of it, well in excess of the recommended stopping distance of 600 feet, and well in excess of the distance required to react and stop or safely change lanes. It is the duty of a motorist to do more than merely look, "it is his duty to see and be cognizant of what is in plain view or obviously apparent, and he is chargeable with seeing what he should have seen, but not with what he could not have seen in the exercise of ordinary care." *Ortega v. Koury,* 55 N.M. 142, 145, 227 P.2d 941, 943 (1951). Accord, *Horrocks v. Rounds,* 70 N.M. 73, 370 P.2d 799 (1962); *Martinez v. City of Albuquerque,* 84 N.M. 189, 500 P.2d 1312 (Ct.App.1972). Plaintiff offered no evidence to justify his failure to perceive the truck and take adequate measures to avoid it. See *Selgado v. Commercial Warehouse Company,* 86 N.M. 633, 526 P.2d 430 (Ct.App.1974).

■■ Beside the stopping-sight distance, plaintiff also alleged that the highway was defective because the shoulder of the road was inadequate. Although the shoulders at that point in the road did not conform to the 1971 standard, there was no evidence that the shoulders contributed to the accident. Neither the truck nor Van Dyke's car came into contact with the shoulder (but a disabled camper was parked there). A recent New Jersey case held that the absence of shoulders could not be the basis of liability where the road was reasonably safe and there was no federal or state law requiring shoulders. *Hughes v. County of Burlington,* 99 N.J.Super. 405, 240 A.2d 177 (1968). However, where improperly constructed or maintained shoulders contribute to, or are causally related to accidents, the state's negligence may result in liability. *Russell v. State,* 268 App.Div. 585, 52 N.Y. S.2d 629 (S.Ct.1944) (case remanded for a determination of causation). See generally 45 A.L.R.3d 875 (1972). Since the shoulders did not contribute to or cause the accident, any defect therein is irrelevant, which only leaves the matter of the 70 m. p. h. speed limit.

■ Despite the failure of the highway to conform to the standard stopping-sight distance, it is still necessary for the plaintiff to show that the failure to meet those standards proximately caused the accident. *Pack v. Read,* 77 N.M. 76, 419 P.2d 453

(1966); *Hartford Fire Insurance Company v. Horne,* 65 N.M. 440, 338 P.2d 1067 (1959); *Archuleta v. Johnston,* 83 N.M. 380, 492 P.2d 997 (Ct.App.), cert. denied, 83 N.M. 379, 492 P.2d 996 (1971). Where several factors may have caused an accident, the plaintiff cannot recover unless he proves that his injuries were sustained by a cause for which the defendant is responsible. *Stuart-Bullock v. State,* 38 A.D.2d 626, 326 N.Y.S.2d 909 (S.Ct.1971). *Bouldin v. Sategna,* 71 N.M. 329, 332–333, 378 P.2d 370, 372 (1963) sets out the applicable test to use:

> In *Thompson v. Anderman,* 59 N.M. 400, 285 P.2d 507, we stated that, "The proximate cause of an injury is that which in a natural and continuous sequence, unbroken by any new, independent cause, produces the injury, and without which the injury would not have occurred."

If the cause of the accident was the fact that plaintiff was traveling at 70 m. p. h. and the "blind spot" at the crest of the hill prohibited him from seeing the truck, liability may have been established. However, the record shows that it was Van Dyke's failure to keep a proper lookout which was the proximate cause of the accident. The evidence showed that the truck was visible from over 600 feet and that plaintiff had an adequate opportunity to take evasive measures. When the negligence of the driver produces the injury, the state is not responsible for unrelated road conditions. *Ikene v. Maruo,* 54 Haw. 548, 511 P.2d 1087 (1973); *Martin v. State Highway Commission,* 213 Kan. 877, 518 P.2d 437 (1974); *Litts v. Pierce County,* 9 Wash.App. 843, 515 P.2d 526 (1973).

Negligence and causal connection are generally questions of fact for the jury, but it is equally well established that where the evidence is undisputed and reasonable minds cannot differ, the question is one of law to be resolved by the judge. *Montoya v. Williamson,* 79 N.M. 566, 446 P.2d 214 (1968); *Bouldin v. Sategna,* supra. Cf. *Archuleta v. Johnston,* supra.

The truck was visible to plaintiff for an adequate time and distance before the collision. The plaintiff failed to perceive it until too late to avoid the collision. Since the plaintiff is required by law to perceive what is visible, the proximate cause of the accident was nothing other than plaintiff's failure to see, and not any negligence of the Highway Department.

Following our discussion above, we are of the opinion that there was no negligence on the part of the New Mexico State Highway Department, and that the sole proximate cause of the accident was the negligence of the driver Knox Van Dyke. As a result of this disposition we do not need to reach the rest of the issues presented.

The judgment in favor of all three plaintiffs is reversed and the cause is remanded to the District Court of Santa Fe County with directions to grant the Highway Department's motion for a directed verdict.

IT IS SO ORDERED.

SOSA, EASLEY and PAYNE, JJ., concur.