668 P.2d 1117

**Roger I. GELDER d/b/a Gelder Aviation, Plaintiff-Appellant,**

v.

**PURITAN INSURANCE COMPANY, a foreign corporation, and Southern Marine and Aviation Underwriters, Inc., a foreign corporation, Defendants-Appellees.**

No. 6005.

Court of Appeals of New Mexico.

Aug. 4, 1983.

Charles A. Harwood, Michael G. Rosenberg, Michael G. Rosenberg & Associates, P.C., Albuquerque, for plaintiff-appellant.

W.R. Logan, Cynthia A. Fry, Civerolo, Hansen & Wolf, P.A., Albuquerque, for defendants-appellees.

OPINION

NEAL, Judge.

Roger Gelder sued Puritan Insurance Company (Puritan) for breach of contract and bad faith refusal to pay an insurance claim. Puritan was granted summary judgment, and Gelder appeals. Gelder contends that there are triable issues of fact concerning the insurance contract, and conversion.

Gelder owns Gelder Aviation, which leases planes. On September 1, 1980 Gelder leased a plane, N–76DW, to Donald Kirchner. The lease agreement contained this provision:

I/We do not intend to use or allow to be used, any aircraft from this day henceforth, which I/We are renting from Gelder Aviation for any violation of Federal or State controlled substances laws, United States Customs Service regulations or other commercial crime. Further, I/We have never been convicted for a felony violation of any controlled substances act.

On December 6, 1980 the State Police saw the plane Gelder had leased to Kirchner,

N–76DW, land on a ranch in Colfax County. Three hundred twenty-eight pounds of marijuana were unloaded, and the plane, piloted by Kirchner, took off. It did a 360 degree turn, but did not generate enough RPM's to stay in the air, and crashed.

Gelder had insured the plane with Puritan, but Puritan refused to pay because of this provision:

THIS POLICY DOES NOT APPLY AND NO COVERAGE IS AFFORDED:

*     *     *     *     *     *

11. To loss or damage *due to conversion,* embezzlement or secretion by any person in possession of the aircraft under a bailment, lease, conditional sale, purchase agreement, mortgage or other encumbrance, *nor for any loss or damage during or resulting therefrom.* [Emphasis added.]

Puritan moved for summary judgment. The trial court concluded that Kirchner's use of the plane to transport marijuana constituted conversion, and that the damage resulted from the conversion. It then granted Puritan summary judgment.

■ Summary judgment is proper only if "there is no genuine issue as to any material fact and * * * the moving party is entitled to judgment as a matter of law." NMSA 1978, Civ.P.R. 56 (Repl.Pamp.1980); *Goodman v. Brock,* 83 N.M. 789, 498 P.2d 676 (1972). Gelder contends that there is an issue concerning the insurance provision, and that determination of conversion is for the jury to decide. We disagree.

1. *The insurance provision*

■ Gelder argues that under the insurance provision the damage must be "due to" conversion before the exclusion applies. He claims that the specific cause of the crash presents an issue of fact, because the crash may have been caused by mechanical failure, or some independent cause other than conversion.

The policy, however, does not require that the crash be "due to" conversion before the exclusion applies. The policy does not cover "any loss or damage during or resulting" from conversion. If damage occurs during conversion the policy does not cover it. Under the policy Puritan does not have to prove that the damage was "due to" conversion. The specific cause of the crash does not present an issue of material fact.

2. *Conversion*

■ Did Kirchner's use of the plane to transport marijuana constitute conversion? Gelder argues that summary judgment was improper because conversion is a question of fact for a jury to decide, relying on *Ulibarri Landscaping, etc. v. Colony Materials,* 97 N.M. 266, 639 P.2d 75 (Ct.App.1981). This is not an absolute rule, however. If reasonable minds cannot differ the question is one of law to be decided by the judge. *New Mexico State Highway Dept. v. Van Dyke,* 90 N.M. 357, 563 P.2d 1150 (1977).

■ The trial judge correctly decided that the plane was converted when it crashed. *Taylor v. McBee,* 78 N.M. 503, 433 P.2d 88 (Ct.App.1967) states:

Conversion is the wrongful possession of, or the exercise of dominion over, a chattel to the exclusion or in defiance of the owner's right thereto; *or an unauthorized and injurious use thereof;* or the wrongful detention after demand therefor by the owner. [Citations omitted.] [Emphasis added.]

*See also Ross v. Lewis,* 23 N.M. 524, 169 P. 468 (1917); and *Mine Supply, Incorporated v. Elayer Company,* 75 N.M. 772, 411 P.2d 354 (1966).

Kirchner's use of the plane to transport over three hundred pounds of marijuana was an unauthorized use. The lease agreement made it clear that the plane was not to be used "for any violation of Federal or State controlled substances laws * * *." Not every unauthorized use amounts to conversion, however. The Restatement (Second) of Torts, § 228 (1965), "Exceeding Authorized Use", Comment (b), states that where a bailee, such as Kirchner here, makes an unauthorized use of a chattel, there is a conversion "if the unauthorized use is such a serious violation of the right of

another to control the chattel as to make it just to require the actor to pay the full value." An illustration is given in which A rents an automobile to B to drive to X City and return. In violation of the agreement B drives to Y City, ten miles beyond X City. While in Y City the car is seriously damaged in a collision, with or without the negligence of B. The illustration concludes that this is a conversion. The present case is very much like this illustration.

In *Swish Mfg. v. Manhattan Fire & Marine Ins.,* 675 F.2d 1218 (11th Cir.1982) summary judgment was held to be proper under almost identical circumstances. In that case Swish Manufacturing (Swish) leased a plane to a lessee, and the lessee agreed not to use the plane for unlawful purposes. Swish carried insurance on the plane, but the policy had an exclusion provision for conversion, identical to the one in this case.

The lessee flew the plane to the Bahamas. While in the Bahamas the Bahamian police seized the plane and its cargo of marijuana. While in the custody of the Bahamian police the plane was damaged and electronic equipment was removed.

Swish demanded payment from the insurance company. The insurance company refused, relying on the exclusion provision in the policy. Swish sued and the district court granted Swish partial summary judgment on the issue of liability.

The United States Court of Appeals held that there was a conversion by the lessee which precluded payment under the policy. The partial summary judgment in favor of Swish was reversed, and summary judgment was entered for the insurance company. The present case is almost identical to *Swish, supra,* and we hold that Gelder is not entitled to payment from Puritan.

Gelder contends that since the marijuana was not on board the plane when it crashed there cannot be conversion. We disagree. The smuggling operation did not end when the marijuana was unloaded. The situation is analogous to workmen's compensation cases dealing with "scope of employment." When a workman, while on a trip in the course of his employment, makes a minor deviation for personal reasons, he is outside the scope of his employment during the deviation. Once he returns to the route of his business trip he is once again in the scope of his employment. *Carter v. Burn Construction Company, Inc.,* 85 N.M. 27, 508 P.2d 1324 (Ct.App.), *cert. denied,* 85 N.M. 5, 508 P.2d 1302 (1973).

In the present case, at some point the conversion would end. Had Gelder been airborne ten miles away from the landing strip, or two hundred miles away, or in Albuquerque handing the key to the plane to Gelder, conversion might be an issue of fact for a jury. But here there is none. On these facts there was a conversion, and reasonable minds could not differ. The trial judge properly decided that the plane was damaged during conversion, and Gelder was not entitled to payment from Puritan. Summary judgment in favor of Puritan was correct.

Gelder shall pay the costs of this appeal.

IT IS SO ORDERED.

HENDLEY and DONNELLY, JJ., concur.