481 So.2d 501 (1985)
The SHELBY MUTUAL INSURANCE COMPANY OF SHELBY, OHIO, Appellant,
v.
CRAIN PRESS, INC., a Nevada Corporation, Appellee.
No. 84-2814.
District Court of Appeal of Florida, Second District.
December 11, 1985.
Rehearing Denied January 17, 1986.
*502 Kathleen M. O'Connor of Thornton, David & Murray, P.A., Miami, for appellant.
Steven L. Brannock and Robert M. Daisley of Holland & Knight, Tampa, for appellee.
CAMPBELL, Judge.
Appellant, The Shelby Mutual Insurance Company, appeals a final judgment in favor of appellee, Crain Press, Inc., which awarded appellee $252,000.00 for its leasehold interest in an aircraft insured by appellant. One of the issues below was whether a breach of warranty endorsement in favor of appellee was in effect as a part of the policy of insurance at the time of the loss. The trial jury found that the breach of warranty endorsement was in effect and we find sufficient evidence in the record to support that finding on that issue.
The other issue below, and the primary and controlling issue on this appeal, is whether the trial court erred as a matter of law in determining that an exclusionary provision of the breach of warranty endorsement did not apply to the facts of this case and, thus, was not available as a defense to coverage on behalf of appellant. We hold the trial court did err as a matter of law on that issue and reverse.
The facts in this case, as they pertain to the loss of the aircraft, are undisputed. In light of the undisputed facts and what we find to be the clear and unambiguous language of the breach of warranty endorsement, the trial court erred in failing to grant summary judgment to appellant based upon the clear exclusion contained in the breach of warranty endorsement as it is worded and contained in the policy at issue here.[1]
*503 The facts in this case show that appellee, through various business transactions, became the lessee of the aircraft which is the subject of these proceedings. Appellee subsequently entered into a long-term sublease of the aircraft with British West Indies Corporation (BWIC). The sublease between appellee and BWIC required BWIC to insure the aircraft and provide breach of warranty coverage in favor of appellee. As the trial jury below found, and we sustain, such insurance, together with breach of warranty coverage, was obtained.[2] Under that policy of insurance issued by appellant, BWIC was the primary insured with appellee being a loss payee and the beneficiary of the breach of warranty endorsement.
Appellee delivered possession of the aircraft to BWIC, in Detroit, on November 2, 1979.
The sublease called for monthly lease payments. Upon BWIC obtaining possession of the aircraft, it was flown to Texas where it was fitted with additional longrange fuel tanks. Unknown to appellee, Robert Walker, a principal officer and shareholder of BWIC, was a convicted drug smuggler. In the latter part of November 1979, Walker directed the aircraft to be flown by BWIC employees to Colombia to pick up a load of marijuana. The aircraft crashed on landing in Colombia, and was abandoned. The sublease prohibited illegal uses of the aircraft. In addition, its flight, legally or illegally, to Colombia was an unauthorized use. BWIC continued to make lease payments to appellee until May of 1980. On November 14, 1980, BWIC advised appellee the aircraft had been lost. Appellee's claim under the breach of warranty coverage of the policy ensued and was subsequently denied by appellant.
There is no doubt that under the law as it exists in this state, BWIC converted the aircraft. In Senfeld v. Bank of Nova Scotia Trust Company (Cayman) Limited, 450 So.2d 1157, 1160-61 (Fla. 3d DCA 1984) (footnote omitted), the court held that "conversion is an unauthorized act which deprives another of his property permanently or for an indefinite time." See Star Fruit Co. v. Eagle Lake Growers, Inc., 160 Fla. 130, 33 So.2d 858 (1948). A conversion occurs when a person who has a right to possession of property demands its return and the demand is not or cannot be met. However, a demand and refusal are unnecessary where it would be futile and the act preventing a return results in a depriving of possession and, thus, equates to a conversion. Senfeld, 450 So.2d at 1161.
The critical question in this case is whether the clear language of the exclusionary clause of the breach of warranty endorsement was meant to apply when the conversion occurs because of an act by the named insured.
The question is critical because the very essence of a breach of warranty endorsement is to protect a loss payee from losses due to acts of the named insured that arise out of a breach of the warrant and covenants between the parties. Clearly, the sublease between the appellee and BWIC, and the terms of the policy of insurance, required that the aircraft not be used in illegal activity and not be flown to Colombia. By doing both of those prohibited acts, BWIC breached its covenants and warranty with appellee, as well as those of the insurance policy. We conclude, however, that the exclusionary language prohibits coverage under the breach of warranty endorsement. That exclusionary language clearly states "that any change in title or ownership of the aircraft, conversion, embezzlement, or secretion by the Insured *504 in possession of the aircraft are not covered." (Emphasis supplied).[3]
Thus, we conclude that the breach of warranty endorsement in this case protected appellee against any breach by the Insured BWIC, except where BWIC breached by conversion, embezzlement or secretion. Since BWIC's use of the aircraft to fly illegally to Colombia to transport marijuana resulted in the destruction of the aircraft and an ultimate denial of appellee's right to possession, a conversion occurred and the exclusion applied. Senfeld v. Bank of Nova Scotia; Swish Manufacturing Southeast v. Manhattan Fire and Marine Insurance Co., 675 F.2d 1218 (11th Cir.1982); Gelder v. Puritan Insurance Co., 100 N.M. 240, 668 P.2d 1117 (App. 1983).
Reversed and remanded with instructions to enter summary judgment on behalf of appellant.
RYDER, C.J., and SCHEB, J., concur.
NOTES
[1] The writer of this opinion is doubtful that the same result should be reached in this case had the exclusionary language been the same or similar to that at issue in Progressive American Insurance Co. v. Florida Bank, 452 So.2d 42 (Fla. 5th DCA 1984); Security Insurance Co. v. Investors Diversified, Ltd., 407 So.2d 314 (Fla. 4th DCA 1981); National Casualty Co. v. General Motors Acceptance Corp., 161 So.2d 848 (Fla. 1st DCA 1964); or National Union Fire Insurance Company of Pennsylvania v. Carib Aviation, 759 F.2d 873 (11th Cir.1985). Those cases are all distinguishable on the facts and/or the wording of the exclusionary clause involved in the policy at issue.
[2] The breach of warranty coverage contains the following exclusion which forms the basis for the primary issue in this case:

The insurance afforded by the Policy shall not be invalidated as regards the interest of the Lienholder by any act or neglect of the Insured except that any change in title or ownership of the aircraft, conversion, embezzlement, or secretion by the Insured in possession of the aircraft are not covered.
[3] It is the specific provision in this clause that prohibits conversion "by the Insured" that the writer feels is a major distinguishing factor from the cases cited in footnote 1. If this exclusionary language was similar to that in those cases, it would seem logical to construe that language to not exclude breach of warranty coverage when the breach (illegal use) was occasioned by the Insured, but exclude coverage when the exclusionary act was committed by a person to whom possession had been entrusted by the Insured.