752 P.2d 250

Kenneth TRUJILLO, Personal Representative of the Estate of Henry Trujillo, Jr., Deceased, Plaintiff–Appellant,

v.

Linda W. TREAT and Thomas J. Treat, Defendants–Appellees.

No. 9718.

Court of Appeals of New Mexico.

March 1, 1988.

Lorenzo A. Chavez, Gerald A. Hanrahan, Chavez Law Offices, Albuquerque, for plaintiff-appellant.

John A. Klecan, Butt, Thornton & Baehr, P.C., Albuquerque, for defendants-appellees.

## OPINION

DONNELLY, Chief Judge.

Plaintiff, as personal representative of the estate of Henry Trujillo, Jr., appeals from an order granting summary judgment and dismissing his wrongful death action against defendants Linda W. Treat and Thomas J. Treat (defendants). The sole issue on appeal is whether the district court erred in granting defendants' motion for summary judgment. We reverse and remand.

On November 13, 1984, at approximately 8:45 p.m., decedent was struck and killed by an automobile driven by defendant Linda Treat (Treat). At the time of the accident, decedent was standing in the left lane of northbound U.S. Highway 85, near Belen. On January 3, 1985, plaintiff filed a wrongful death action against defendants and Gilbert Trujillo, doing business as El Nido Supper Club. In a prior appeal, this court affirmed an order of the district court granting a motion to dismiss Gilbert Trujillo as a defendant in the action. *See Trujillo v. Trujillo,* 104 N.M. 379, 721 P.2d 1310 (Ct.App.1986). Subsequent thereto, defendants moved for summary judgment. In support of this motion, defendants attached the affidavits of Mary Moya, a witness to the accident, and Frank Valles, the police officer who investigated the accident. Also before the court was the deposition of Treat, and her answers to interrogatories. On November 10, 1986, the district court granted defendants' motion, determining that "there are no issues of material fact and that defendants are entitled to [summary] Judgment as a matter of law."

Plaintiff argues that the district court erred in granting summary judgment. Specifically, plaintiff asserts that under our comparative negligence law, the question of whether Treat saw or should have seen decedent prior to impact so as to avoid fatally injuring him is a genuine issue of material fact subject to the jury's determination. Defendants, on the other hand, contend that summary judgment was proper because there was nothing Treat could do to avoid hitting decedent and that the accident was unavoidable.

■ Summary judgment is proper if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. SCRA 1986, 1–056(C); *Koenig v. Perez,* 104 N.M. 664, 726 P.2d 341 (1986); *Westgate Families v. County Clerk of Inc. County of Los Alamos,* 100 N.M. 146, 667 P.2d 453 (1983). The movant need only make a prima facie showing that he is entitled to summary judgment. *Koenig v. Perez; Goodman v. Brock,* 83 N.M. 789, 498 P.2d 676 (1972). Upon making a prima facie showing, the burden then shifts to the party opposing the motion to show at least a reasonable doubt as to whether a genuine issue exists. *Koenig v. Perez; Savinsky v. Bromley Group, Ltd.,* 106 N.M. 175, 740 P.2d 1159 (Ct.App.1987).

When considering a motion for summary judgment, the district court must give the party opposing the motion the benefit of all reasonable doubt in determining whether a genuine issue of material fact exists. *Young v. Seven Bar Flying Serv., Inc.,* 101 N.M. 545, 685 P.2d 953 (1984); *Knapp v. Fraternal Order of Eagles,* 106 N.M. 11, 738 P.2d 129 (Ct.App.1987). Even where basic facts are undisputed, if equally logical but conflicting inferences can be drawn from the facts, summary judgment should

be denied. *Barber's Super Markets, Inc. v. Stryker,* 81 N.M. 227, 465 P.2d 284 (1970); *Pena v. New Mexico Highway Dep't Mountain States Mut. Ins. Co.,* 100 N.M. 408, 671 P.2d 656 (Ct.App.1983). Summary judgment is a drastic remedy which should be used with extreme caution. *Cunningham v. Gross,* 102 N.M. 723, 699 P.2d 1075 (1985); *Cebolleta Land Grant, ex rel. Bd. of Trustees v. Romero,* 98 N.M. 1, 644 P.2d 515 (1982).

■ It is well established that the driver of a motor vehicle has a duty to keep a proper lookout and to maintain proper control of his vehicle. SCRA 1986, 13–1202; *see* NMSA 1978, § 66–7–337 (Repl.Pamp. 1987); *Horrocks v. Rounds,* 70 N.M. 73, 370 P.2d 799 (1962); *Ortega v. Koury,* 55 N.M. 142, 227 P.2d 941 (1951); *Martinez v. City of Albuquerque,* 84 N.M. 189, 500 P.2d 1312 (Ct.App.1972). The duty to keep a proper lookout requires more than merely looking; it requires a person to actually see what is in plain sight or is obviously apparent to one under like or similar circumstances. SCRA 1986, 13–1203; *see New Mexico State Highway Dep't v. Van Dyke,* 90 N.M. 357, 563 P.2d 1150 (1977). Similarly, a pedestrian has a duty to exercise due care for his own safety. SCRA 1986, 16–1604.

We recently reaffirmed the duty of a motorist to keep a proper lookout and to see that which could be seen in the exercise of ordinary care. *See Trujillo v. Galio,* 106 N.M. 486, 745 P.2d 711 (Ct.App.1987). The facts in *Trujillo* are similar to those in the instant case. In both *Trujillo* and the present case, defendant motorists were driving in a dark, unlit area, the victims were alleged to have been intoxicated, defendant motorists did not see the victims until shortly before impact, and defendant motorists unsuccessfully swerved to avoid the accident. In *Trujillo,* defendant's wife, who was a passenger in the front seat, indicated that she saw plaintiff just before impact. This court held that whether defendant could have or should have seen a pedestrian was a question of fact to be determined by the factfinder after a consideration of all the attendant circumstances.

*Id.* at ——, 745 P.2d at 713. The factfinder, in *Trujillo,* determined that the driver was not liable.

■ Negligence and proximate cause are, likewise, generally questions of fact for the jury, unless reasonable minds cannot differ. *See New Mexico State Highway Dep't v. Van Dyke; Reynolds v. Swigert,* 102 N.M. 504, 697 P.2d 504 (Ct.App. 1984); *see generally* 6 J. Moore, *Moore's Federal Practice,* pt. 2, § 56.17(42) (1987); V. Schwartz, *Comparative Negligence* § 17.3 (2d ed.1986). New Mexico case law demonstrates that the question of whether a motorist could have avoided a collision with a pedestrian is normally a factual issue for the trier of fact. In *Merrill v. Stringer,* 58 N.M. 372, 271 P.2d 405 (1954), *overruled on other grounds, Archuleta v. Pina,* 86 N.M. 94, 519 P.2d 1175 (1974), defendant motorist testified that he did not see plaintiff pedestrian until the time of impact. Another driver, following closely behind defendant, saw plaintiff approaching the center line and was able to bring his vehicle to a stop. Based upon this evidence, our supreme court held that the trial court erred in directing a verdict for defendant where a factual issue existed as to whether the nighttime accident was unavoidable.

In *Falkner v. Martin,* 74 N.M. 159, 391 P.2d 660 (1964), a pedestrian was struck by defendant motorist while crossing a street at night. Defendant testified at trial that the plaintiff was wearing dark clothing and "suddenly loomed in front of the car." *Id.* at 162, 391 P.2d at 662. No other eyewitness saw the pedestrian crossing the street until the accident occurred. Under these facts, the court in *Falkner* held that whether the driver was negligent was a factual question to be determined by the jury. Similarly, in *Galvan v. City of Albuquerque,* 85 N.M. 42, 508 P.2d 1339 (Ct. App.1973), this court held that summary judgment was not proper in an action wherein plaintiff cyclist was injured in a nighttime car and bicycle collision, and where a substantial fact issue existed as to whether plaintiff's negligence was a contributing proximate cause of the accident.

Defendants assert that the affidavit of Officer Frank Valles, offered in support of their motion for summary judgment, establishes that Treat was not at fault because the "accident was due solely to [the decedent] standing in the road or crossing the road in a dark, unlit area * * *." Examination of this affidavit, however, indicates that it is, in part, conclusionary in nature, and omits any factual reference considering the speed at which Treat was traveling, the effectiveness of her headlights, and whether she was maintaining a proper lookout. In a summary judgment proceeding, an affidavit of an expert must explain how he arrived at his opinion, setting forth such supportive facts as would be properly admissible in evidence. *Smith v. Klebanoff,* 84 N.M. 50, 499 P.2d 368 (Ct.App.1972); *see* R. 1–056(E); *Matney v. Evans,* 93 N.M. 182, 598 P.2d 644 (Ct.App. 1979); *Lay v. Vip's Big Boy Restaurant, Inc.,* 89 N.M. 155, 548 P.2d 117 (Ct.App. 1976).

Defendants also offered the affidavit of Mary Moya, a witness driving behind Treat. Moya stated in her affidavit that she saw decedent hitchhiking in the median area and also saw him step onto the highway. Treat, however, stated in her deposition and answers to plaintiff's interrogatories that decedent was standing on the highway when she first saw him and that she did not know how far away her car was when she first saw him. Moya also indicated that Clarence Mora, another driver, who was ahead of Treat, saw decedent standing in the highway and was able to take evasive action to avoid a collision.

The principal question thus posed is whether reasonable minds could differ as to whether Treat maintained a proper lookout and exercised ordinary care in the operation of her automobile. The evidence[1] submitted in support of defendants' motion for summary judgment indicates that Treat was uncertain of the distance between decedent and her automobile when she first observed him. The record indicates that at least one other motorist observed decedent

and was able to take evasive action to avoid hitting him. Additionally, Moya, who was driving behind Treat in the right-hand lane, observed decedent prior to the time that Treat first saw him. Summary judgment is not proper where there are conflicting material facts, or an inference exists as to whether defendant was comparatively negligent. Based on a review of the matters presented at the hearing on the motion for summary judgment, we cannot say, as a matter of law, that there were no issues of material fact. *See Merrill v. Stringer; Trujillo v. Galio; see also Sweenhart v. Co–Con, Inc.,* 95 N.M. 773, 626 P.2d 310 (Ct.App.1981). Thus, the issue of Treat's alleged negligence was not properly subject to resolution as a matter of law.

Reversed and remanded.

IT IS SO ORDERED.

MINZNER and GARCIA, JJ., concur.

---

1. In addressing plaintiff's appeal, we do not consider the affidavit of Joseph R. Trujillo, attached to the brief-in-chief, since it was not timely presented to the district court at least one

day prior to the hearing, or relied upon by the court below. *See* R. 1–056(C); *Schmidt v. St. Joseph's Hosp.,* 105 N.M. 681, 736 P.2d 135 (Ct. App.1987).