7 F.3d 1044
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joe A. APODACA, Personal Representative of the Estate of
Salomon J. Apodaca, Deceased, Plaintiff-Appellant,
v.
SOUTHERN PACIFIC TRANSPORTATION COMPANY, a Delaware
Corporation, Defendant-Appellee.
 No. 92-2245.
 United States Court of Appeals, Tenth Circuit.
 Oct. 7, 1993.
 
 1
 Before SEYMOUR and EBEL, Circuit Judges, and THOMPSON,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff's decedent, who, being intoxicated, was lying face up and motionless on defendant's railroad tracks in Tucumcari, New Mexico, was hit by one of defendant's trains as it approached the Tucumcari depot. Decedent died several hours after the accident. Plaintiff appeals from the district court's October 21, 1992, judgment in favor of defendant on plaintiff's wrongful death claim. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 4
 The record before us is practically devoid of the evidence adduced at trial. However, we gather the following facts from what there is and from plaintiff's recitation of the district court's findings which he does not challenge. Defendant's train struck decedent at 2:55 p.m. The day was clear and the tracks were straight and level for a considerable distance from where decedent was lying. Defendant's train had slowed to 15-20 miles per hour. The engineer and the conductor both saw something on the rails far ahead of the train, but they thought the object was plastic debris, not a person. The engineer could have stopped the train within 400 feet or less if he had realized it was a person on the tracks, but he did not recognize that it was a person at that distance.
 
 
 5
 The district court found as a matter of fact that the train crew was not negligent in failing to recognize until it was too late that the "plastic" was, in fact, a body. Plaintiff argues on appeal that the evidence is insufficient to support this finding and that defendant was proved negligent as a matter of law. We disagree.
 
 
 6
 A factual finding of the trial court will not be disturbed unless it is clearly erroneous. Harmon City, Inc. v. United States, 733 F.2d 1381, 1385 (10th Cir.1984); Fed.R.Civ.P. 52(a). Under New Mexico law, the driver of a motor vehicle has the duty to keep a proper lookout and to see what is plainly visible in the exercise of ordinary care. New Mexico State Highway Dep't v. Van Dyke, 563 P.2d 1150 (N.M.1977). Decedent was injured in the afternoon on a clear day. The train was travelling on straight tracks and had slowed to 15-20 miles per hour. Yet, there is no evidence in the record before us from which to infer that a reasonable person should have been able to see that a person was lying on the tracks within 400 feet from the train, the distance within which the train could have been stopped. The only evidence relevant to this point actually tends to support the district court's finding: plaintiff's expert testified that it is harder to see a person who is lying down than one who is standing. Appellee's App. at Tab 3. Because of the inadequacy of the record on appeal, we cannot hold that the district court's finding that defendant was not negligent in failing to see decedent until the train was too close to him to stop was clearly erroneous.
 
 
 7
 Appellee's objection to appellant's motion to file the appendix to the reply brief is DENIED.
 
 
 8
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 **
 Honorable Ralph G. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3