This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CARLOS PEREZ,**

Plaintiff-Appellant,

v.                                                          NO.   32,093

**BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LEA, for and on behalf of Lea County Road Department,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark T. Sanchez, District Judge**

Trenchard & Hoskins
Paul G. Tellez
Roswell, NM

for Appellant

Potts & Associates
Amy L. Glasser
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Carlos Perez appeals an order granting a directed verdict on his claim of negligence against Lea County. In our first notice of proposed summary disposition, we proposed to reverse. Perez and the County each filed memoranda in response to our proposal, and we issued a second notice proposing to affirm. Perez has filed a memorandum in opposition, which we have duly considered. As we are not persuaded by Perez's arguments, we affirm.

In our second notice of proposed summary disposition, we relied on *State Highway Department v. Van Dyke* for our proposed conclusion that even if the County was negligent in failing to place proper signs to alert drivers to the construction ahead, this failure was not, as a matter of law, a cause of the accident. 90 N.M. 357, 563 P.2d 1150 (1977). This is because there was evidence to support a conclusion that Perez failed to keep a proper lookout to see what was plainly visible on the road. *See id.* at 360, 563 P.2d at 1153 (holding that, because the evidence showed that a truck was visible to the plaintiff for a distance greater than that required by law, it was the plaintiff's failure to keep a proper lookout that proximately caused the accident and not any failure of the highway department to place speed limit signs appropriate to the conditions of the road).

In Perez's memorandum in opposition, he asserts that *Van Dyke* should not control this case in part because Perez had driven the road many times before and had never seen an obstruction on it and that he could therefore reasonably take for granted the fact that no obstruction would appear on the road on the day in question. [MIO 2-3] We are not persuaded that a person who has driven a road many times before may reasonably draw a conclusion that no obstruction will ever block the roadway. Perez acknowledges that he saw the road grader when he was one-half mile away from it. This Court is bound by *Van Dyke* and, relying on that authority, we hold that the district court did not err in concluding, as a matter of law, that Perez's negligence, in failing to keep a proper lookout for something that both could be and in fact was plainly seen, was the sole cause of the accident.

Therefore, for the reasons stated in this Opinion and in our second notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

3

**I CONCUR:**


_____
**LINDA M. VANZI, Judge**

**VIGIL, Judge (dissenting).**

Respectfully, I dissent. New Mexico is a pure comparative jurisdiction. *Scott v. Rizzo*, 96 N.M. 682, 690, 634 P.2d 1234, 1242 (1981), *superceded in statute as stated in Reichert v. Atler*, 117 N.M. 628, 815 P.2d 384. "Pure comparative negligence denies recovery for one's own fault; it permits recovery to the extent of another's fault; and it holds all parties fully responsible for their own respective acts to the degree that those acts have caused harm." *Id.* Perez demanded a six person jury, **[RP 5]** and the County demanded a twelve person jury, **[RP 14]** thereby invoking the constitutional right to have a jury decide all disputed issues of fact. Perez was therefore entitled to have the jury ascertain the percentage of negligence of the County, as well as his own. *Bartlett v. N.M. Welding Supply, Inc.*, 98 N.M. 152, 159, 646 P.2d 579, 586 (Ct. App. 1982). Since the majority disagrees, I dissent.


_____
**MICHAEL E. VIGIL, Judge**

4