**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, a body corporation,**

v.

**ONE PARCEL OF LAND IN PRINCE GEORGE'S COUNTY, MARYLAND, et al.**

**Civ. No. K–76–67.**

United States District Court, D. Maryland.

Aug. 24, 1976.

Gary M. Peterson, Dept. of Justice, Washington, D.C., for Government.

Carl Lehmann, Upper Marlboro, Md., J. Eugene Cleary, Hyattsville, Md., for defendants.

## MEMORANDUM AND ORDER

FRANK A. KAUFMAN, District Judge.

The issue has arisen as to whether the defendant may call to the witness stand during trial an expert appraiser retained by the Government to submit an appraisal in the event that the Government does not call that person to testify. Government counsel has indicated his lack of opposition to that person being so called by the defendant but

has strenuously objected to the defendant being permitted to bring out during examination of such witness the fact that that witness was retained by the Government. In other words, Government counsel has expressed no opposition to the defendant being permitted to call the said person to the stand as an expert witness but does object to any mention of the fact that that person was previously retained or at any time retained by the Government. Defendant takes the position that defendant should be permitted not only to call the witness to express his opinion but also to inform the jury that that witness was at one point retained by the Government to submit his appraisal. In support thereof, defendant cites *State v. Steinkraus,* 76 N.M. 617, 417 P.2d 431 (1966), while at the same time acknowledging that an opposing view is set forth in *Logan v. Chatham County,* 113 Ga.App. 491, 148 S.E.2d 471 (1966). Plaintiff relies on *Logan,* on the discussion of *Logan* in 5 J. Sackman, Nichols' The Law of Eminent Domain, § 18.1[1] n.7.1 (3d ed. 1975). Additionally, plaintiff cites *Dicker v. United States,* 122 U.S.App.D.C. 158, 352 F.2d 455 (1965) (Burger, J.).

The *Steinkraus* case does discuss the question of whether a condemnee should be permitted to call to the stand an appraiser whose opinion has been sought by the State, in its posture as condemnor, in an instance in which the State does not desire to utilize the expert's testimony. In *Steinkraus,* the trial judge did permit the condemnee to call such a witness. On appeal by the State, the judgment below was affirmed. In the course of its opinion, the Supreme Court of the State of New Mexico indicated that the matter was one of discretion of the trial judge but that " * * * under the facts of this case, the better rule makes the expert's testimony available to the condemnee in an eminent domain proceeding in which the State seeks to take or damage private property." 417 P.2d *supra* at 434. In *Dicker,* Mr. Justice Burger (then Judge) wrote in the context of an appeal by condemnees alleging a number of errors including restrictions upon the use by the condemnees of testimony of two appraisers employed by the Government who were not called to the witness stand during the trial. After stating that "[a]ny testimony" that the two persons "might have given would have been cumulative only", Mr. Justice Burger wrote (at 457):

* * * That the Government consulted them but did not use their opinions is not relevant evidence of value; Appellants could not show the prior consultation in order to bolster the witnesses' credibility, nor could they seek to arouse jury prejudices by showing the prior consultation under the guise of proving the experts' qualifications. If Appellants wanted more expert testimony on value it was for them to produce such evidence.

In *Logan,* the Court (148 S.E.2d *supra* at 473) expressed similar views, stating:

Here, the expert appraiser called by the condemnee had been employed and paid by the condemnor and had made an appraisal and formed an opinion as to the value of the property. The court did not refuse to allow the expert to testify as the condemnee's witness but ruled in effect that all questions relating to the expert's employment by the condemnor would be irrelevant and inadmissible. In that ruling the trial court was eminently correct. Testimony as to the original employment was not pertinent to the issues in the case and if admitted over objection would have been prejudicial and harmful to condemnor and on appeal by condemnor would have constituted grounds requiring a reversal. Neither party to a condemnation case is bound by rejected opinions of expert witnesses employed by them to appraise realty being condemned and cannot be prejudiced by the admission in evidence of rejected appraisals made at their instance.

At trial in this case, defendant will be permitted to call the appraiser to the stand but will not be permitted to bring to the attention of the jury the fact that that witness was employed at any time by the Government.