WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, a body corporate, Appellee,

v.

ONE PARCEL OF LAND IN MONTGOMERY COUNTY, MARYLAND, et al., Appellants.

No. 76–1380.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 6, 1976.

Decided Jan. 12, 1977.

Leonard M. Murphy, Bethesda, Md. (Stephen W. Nealon, III, Bethesda, Md., on brief), for appellants.

Maryann Walsh, Atty., Dept. of Justice, Washington, D. C. (Peter R. Taft, Asst. Atty. Gen., Carl Strass and Harry W. McKee, Attys., Dept. of Justice, Washington, D. C., on brief), for appellee.

Before CLARK, Associate Justice *, HAYNSWORTH, Chief Judge, and CRAVEN, Circuit Judge.

PER CURIAM:

The Washington Metropolitan Area Transit Authority (WMATA) desired to acquire a parcel of land. Pursuant to Section 301 of the Uniform Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4651, WMATA appraised the property and offered to buy it for $100,000. According to WMATA, that $100,000 figure included its estimate of the value of the property and an increment for the value of avoiding the cost of condemnation proceedings.

The landowners refused the offer, but sought to introduce it in the condemnation proceedings as evidence of the reasonable market value of the property. The trial court refused to admit the evidence of the $100,000 offer. The jury awarded $76,000 for the property.

In this appeal the landowners contest the trial court's refusal to permit them to introduce the precondemnation offer.

We agree with the trial court. The purpose of a pre-condemnation offer under the Act is to expedite acquisition and avoid litigation. The Act says that the offer must not be less than reasonable market value. If the offer is to serve its purpose, it must include something more than reasonable market value for usually the seller is not a willing one and the offer's purpose is the avoidance of the delay and the expense of the condemnation proceedings. To permit the offer to be received in evidence in effect would put a floor on recoveries in condemnation proceedings. No amount of explanation would prevent the jury from giving the landowner at least that much. There would be less incentive to accept the

offer, and the purpose of the Act would be frustrated.[1]

We hold that a landowner who rejects a pre-condemnation offer made pursuant to Section 301 of the Act may not introduce that offer as proof of value when the government condemns the property.

AFFIRMED.

* Tom C. Clark, Associate Justice of the United States Supreme Court, (Ret.), sitting by designation.

1. *But see Nash v. D. C. Redevelopment Land Agency,* 129 U.S.App.D.C. 348, 395 F.2d 571 (1967) upholding the district court's decision to admit evidence of the amount the agency had

unofficially offered and the landowner had accepted for a neighboring piece of property although the deal had not been officially approved. The District of Columbia Circuit found that the agency had ample opportunity to explain the disparity in the amount offered for the neighboring property and value of the property being condemned.