**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Plaintiff**

v.

**ONE PARCEL OF LAND IN PRINCE GEORGE'S COUNTY, MARYLAND, et al., Defendants**

**Washington Metropolitan Area Transit Authority, Plaintiff**

v.

**Two Parcels of Land in Prince George's County, Maryland, et al., Defendants**

Nos. CIV.RWT 02–2167, CIV.RDB 02–2166.

United States District Court, D. Maryland.

Nov. 1, 2004.

David Othel Vollenweider, III, Michael Kenneth Baker, United States Department of Justice, Washington, DC, for Plaintiff.

David A. Fuss, Wilkes Artis Chartered, Washington, DC, Brian Edward Messaris, Kaiser Permanente Legal Department, Rockville, MD, for Defendants.

Apollo 18, LLC, Landover, MD, pro se.

## MEMORANDUM OPINION

TITUS, District Judge.

These cases concern the condemnation by the Washington Metropolitan Area Transit Authority ("WMATA") of properties in Prince George's County for the extension of the Metrorail Blue Line from Addison Road to Largo, Maryland. Presently pending before the Court are each party's Objections to Magistrate Judge Grimm's Orders of April 15, 2004 entered in both cases.

On April 15, 2004 Judge Grimm issued identical Orders disposing of Defendants' Motions to Compel Discovery "pertaining to interrogatories and document production requests about any property apprais-

als obtained by WMATA prior to condemning the land at issue in this case." April 15, 2004 Orders at 1. The specific discovery requested by the Defendants was the identity of the pre-condemnation appraiser and a copy of the original appraisal report that formed the basis for WMATA's initial determination of just compensation, as required by 42 U.S.C. § 4651.[1] Defendants seek this information because the initial appraisal of the properties was $888,923 and WMATA now claims that the properties were worth only $51,000 at the time of the taking.

Judge Grimm made two rulings in the April 15, 2004 Orders: (1) the appraisal was not prepared in anticipation of litigation so the Plaintiff must "give full and unevasive answers to the interrogatories and defendant's requests for production of documents"; and (2) the § 4651 appraisal made by WMATA cannot be deemed an admission at trial. Neither party was satisfied with Judge Grimm's rulings, and both bring their objections to this Court. After considering the briefs of the parties, the oral arguments and the case law, this Court overrules the objections to Judge Grimm's orders in both cases for the reasons stated below.

## DISCUSSION

### I.

The first legal issue in these cases is the discoverability of a pre-condemnation appraisal in a proceeding involving an agency that is subject to the provisions of 42 U.S.C. § 4651. The Defendants seek to discover all aspects of the appraisal, including the dollar amount, the methods used and the identity of the appraiser. The Plaintiff seeks to preclude any discovery as to the appraisal, stating that it will only provide discovery as to its "trial experts."

WMATA argues that the report of the pre-condemnation appraiser was prepared in anticipation of litigation, and that under Federal Rules of Civil Procedure 26(b)(3) and 26(b)(4)(B), Defendants must show a "substantial need" or "exceptional circumstances" in order to compel discovery. Judge Grimm's conclusion that the appraisal was not prepared in anticipation of litigation was a factual determination made "[o]n the record before [the Court]." April 15, 2004 Orders at 4. Under Fed. R.Civ.P. 72(a), a magistrate judge's order shall be set aside only if it is clearly erroneous or contrary to law. This Court does not find Judge Grimm's factual conclusion to be clearly erroneous, but the Court also concludes that such a finding was not necessary because, as a matter of law, the appraisal report was not produced in anticipation of litigation.

Section 4651(2) requires WMATA to secure a pre-condemnation appraisal. The introductory paragraph of § 4651 explains

---

1. 42 U.S.C. § 4651 states, *inter alia*, "[i]n order to encourage the acquisition of real property by agreements with owners, to avoid litigation and relieve congestion in the court, to assure consistent treatment for owners in the many Federal programs, and to promote public confidence in Federal land acquisition practices, heads of Federal agencies shall, to the greatest extent practicable, be guided by the following policies: (1) The head of the Federal agency shall make every reasonable effort to acquire expeditiously real property by negotiation. (2) Real property shall be appraised before the initiation of negotiations, and the owner or his designated representative shall be given an opportunity to accompany the appraiser during his inspection of the property ... (3) Before the initiation of negotiations for real property, the head of the Federal agency concerned shall establish an amount which he believes to be just compensation therefor and shall make a prompt offer to acquire the property for the full amount so established. In no even shall such amount be less than the agency's approved appraisal of the fair market value of such property."

that the purpose of the provision is "to encourage and expedite the acquisition of real property by agreements with owners, *to avoid litigation* and relieve congestion in the courts[.]" 42 U.S.C. § 4651 (emphasis added). Section 4651(3) requires the Government to make an offer to acquire the property and the clearly stated purpose of this provision is the avoidance of litigation. *Id.; see also* 27 Am.Jur.2d Eminent Domain § 441 (2004) ("The purpose of a statutory requirement that a public body engage in bona fide negotiations with the owner prior to condemning is to encourage public entities to acquire property without litigation, thereby saving both the public and the condemnee the expense and delay of a court action, while permitting the landowner to receive just compensation."). Therefore, this Court concludes, as a matter of law, that the offer and the underlying appraisal cannot be considered "documents and tangible things ... prepared in anticipation of litigation[.]" Fed. R.Civ.P. 26(b)(3). To conclude otherwise would thwart the intent of Congress in its establishment of a mandatory process specifically designed to avoid litigation. A process designed to avoid litigation can hardly be said to be one in anticipation of litigation.

Because Rules 26(b)(3) and 26(b)(4)(B) do not protect this discoverable material, the governing rule is Rule 26(b)(1). This liberal rule permits discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R.Civ.P. 26(b)(1). Perhaps most important, this Rule also states that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id; see also United States v. Block 44 Lots 3, 6,* 177 F.R.D. 687, 691 (M.D.Fla.1997) (concluding, in a case involving similar facts, that "general discovery principles, 42 U.S.C. § 4651 and case law construing it require that the defendant be permitted to discover this information.") Thus, the pre-condemnation appraisal is discoverable, as is information gleaned from discovery aimed at the appraiser's methods and conclusions.

## II.

As is clearly stated in Rule 26(b)(1), evidence that is discoverable is not necessarily admissible. Defendants urge this Court to issue a pre-trial ruling that both the appraisal and the § 4651 statement are admissible as adoptive admissions under Federal Rule of Evidence 801(d)(2)(B). In the interests of judicial economy and a timely resolution of this case, the Court will consider and rule upon both matters.

A per curiam Fourth Circuit opinion, issued twenty-seven years ago, determined that a pre-condemnation offer by WMATA could not be admitted into evidence where the dollar amount offered in that case had been increased over the appraised amount under § 4651 in order to induce a settlement. The Court observed that usually the seller is not a willing one and that if the offer is to succeed in a voluntary sale, it "must include something more than reasonable market value[.]" *WMATA v. One Parcel of Land in Montgomery County, Maryland, et. al.,* 548 F.2d 1130, 1131 (4th Cir.1977). The Court excluded the evidence because "[t]o permit the offer to be received in evidence in effect would put a floor on recoveries in condemnation proceedings." *Id.* Defendants urge this Court to abandon that ruling and follow the lead of the Fifth Circuit in *United States v. 320.0 Acres of Land, More or Less in Monroe County, State of Fla.,* 605 F.2d 762 (5th Cir.1979). There, the Fifth Circuit found the § 4651 statement in that case to be admissible. *Id.* at 824.

The matter proposed to be admitted in the above two opinions of the Fourth and Fifth Circuits differed signifi-

cantly. The Fourth Circuit considered the "sweetened" offer in that case to be "a pre-condemnation offer" and excluded it entirely because it was too prejudicial. *One Parcel of Land,* 548 F.2d at 1131. The Fifth Circuit considered a § 4651 statement not to be an offer of compromise excludable under Federal Rule of Evidence 408, but rather a " 'statement' of the 'amount . . . established as just compensation[,]' " and admitted the statement. *320.0 Acres of Land,* 605 F.2d at 825. While the two cases addressed significantly different issues, one involving a "sweetened" offer of compromise and the other a pure § 4651 statement, this Court concludes that the rationale of the Fifth Circuit case is inconsistent with the spirit of the Fourth Circuit decision, and declines to follow *320.0 Acres of Land.* A § 4651 is statement not a "fact" the truth of which may be "admitted" by a party opponent under Federal Rule of Evidence 801(d)(2). Rather, it is a statement that the agency is required by law to make based on opinions of others, and such opinions may not, as WMATA here contends, withstand the test of time. It would be a perversion of the intent of Congress in mandating a negotiation process if a court were to rule that a legally required statement could be construed as an "admission". Moreover, even if a § 4651 statement were admissible under *320.0 Acres of Land,* this Court concludes that it should nevertheless be excluded under Federal Rule of Evidence 403 due to the dangers of prejudice to WMATA of the type articulated by the Fourth Circuit in *One Parcel of Land.*

■ While the Court has concluded that the § 4651 determination is not admissible, the same cannot be said concerning the pre-condemnation appraisal itself and any testimony of the appraiser who prepared it. There is nothing that would preclude such evidence, but in order to avoid prejudice, the Court concludes that the appropriate course is to allow the appraiser to be subpoenaed to testify by the Defendants and to allow his appraisal to be admitted, but to exclude any reference to the appraiser's original employer as well as any evidence of the § 4651 determination. Support for this conclusion is found in two earlier decisions of this Court.

In *WMATA v. One Parcel of Land in Prince George's County, Maryland, et. al.,* 424 F.Supp. 218 (D.Md.1976), this Court determined that a government appraiser could be called to the stand during trial, but it also cautioned that counsel was not permitted to inquire about the appraiser's employer. *Id.* at 219. The Court reiterated this holding two years later in *WMATA v. One Parcel of Land in Prince George's County, Maryland,* 450 F.Supp. 122 (D.Md.1978), stating that "[a]t trial defendants may call [the government appraiser] but may not bring to the jury's attention the fact that he was originally employed by the Government." *Id.* at 124. Although WMATA did not raise the current objections in the earlier cases, that fact does not disturb the soundness of the prior rulings of this Court.

Therefore, this Court will exercise its discretion and permit the admission of the report and the testimony of the appraiser, but exclude reference to the appraiser's relationship to the government and preclude introduction of any evidence of the § 4651 statement.

### CONCLUSION

For the reasons stated above, Judge Grimm's orders are not clearly erroneous nor contrary to law and for that reason will not be overturned. Therefore, Defendants' Rule 72(a) Objections to Magistrate Judge's Order, by separate order, will be OVERRULED and Plaintiff's Rule 72(a) Objections to Magistrate Judge's Order, by separate order, will be OVERRULED.

## ORDER

Having considered Defendant's Rule 72 Objections to Magistrate Judge's Order of April 15, 2004 [Paper No. 63], Plaintiff's Rule 72 Objections to Magistrate Judge's Order of April 15, 2004 [Paper No. 64], the oppositions thereto, the arguments presented by counsel at a hearing held before the undersigned on October 12, 2004, and for the reasons stated in the accompanying Memorandum Opinion, it is this 1st day of November, 2004, by the United States District Court for the District of Maryland,

**ORDERED**, that Defendant's Rule 72 Objections to Magistrate Judge's Order of April 15, 2004 [Paper No. 63] are **OVERRULED**; and it is further

**ORDERED**, that Plaintiff's Rule 72 Objections to Magistrate Judge's Order of April 15, 2004 [Paper No. 64] are **OVERRULED**.